**REORGANIZED SCHOOL DISTRICT, R–II, DE KALB AND ANDREW COUNTIES, Missouri, Appellant,**

v.

Harry JOHN; William Gressley, President of the Andrew County, Missouri, Board of Education; William C. Akers, President of the Gentry County, Missouri, Board of Education; Clarke Dyer, President of the DeKalb County, Missouri, Board of Education; and Hubert Wheeler, Commissioner of Education of the State of Missouri; Frank W. Mitchell, Sr., President, and Charles F. Lamkin, Mrs. True Davis, Herbert Van Fleet, Ollin Drennan, Amos A. Govaro, T. A. Haggard and Mrs. Charles A. Shaw, members of the State Board of Education of the State of Missouri, Respondents.

No. 22716.

Kansas City Court of Appeals.

Missouri.

April 7, 1958.

Robison & Miller, Maysville, for appellants.

John M. Dalton, Kennett, Richard W. Dahms, Jefferson City, Brown, Douglas & Brown, R. A. Brown, St. Joseph, for respondents.

SPERRY, Commissioner.

Reorganized District, R-II, DeKalb and Andrew Counties, Missouri, plaintiff, filed a petition seeking a review of an award by a Board of Arbitration whereby the boundary was changed as between plaintiff district and Reorganized District R-I of Gentry, DeKalb and Andrew Counties, Missouri.

Defendants are Hubert Wheeler, Commissioner of Education of Missouri; Frank W. Mitchell, Sr., President, and the remaining members of the State Board of Education; Harry John, Chairman of the Board of Arbitration as finally con-

stituted, and William Gressley, Wm. C. Akers and Clarke Dyer, Presidents of the Boards of Education of Andrew, Gentry, and DeKalb Counties, Missouri, respectively, members of the Board of Arbitration, hereafter referred to as Board.

Plaintiff's petition alleged that the Board failed and refused to comply with the provisions of Chapter 536, V.A.M.S., "Administrative Procedure and Review." Sections 536.010, to and including 536.140.

Plaintiff specifically contends that because the Board failed to have its proceedings taken down stenographically, failed to swear witnesses or consider or receive any sworn testimony, and failed to require that records and documents considered in the case be offered in evidence, so as to become a part of the record, said award is a nullity.

The Administrative Procedure Act requires an agency to do the above things when it conducts a hearing on a contested case. Plaintiff prayed for certification of the records in the case and that the action of the Board be reviewed and held null and void.

The facts are that a petition was filed seeking the detachment of certain territory from Reorganized District R-II, of DeKalb and Andrew Counties and attaching same to Reorganized District I, of Gentry, DeKalb and Andrew Counties, thereby effecting a change of boundaries. State ex rel. Dahm v. Goodin, Mo.App., 295 S.W.2d 600, 603. The issue was submitted to the voters of both districts. It received a majority of the votes in one district but had a majority against it in the other. Thereupon one of the districts appealed to the board of education of the various counties concerned, whereupon a Board of Arbitration was convened, consisting of the presidents of the various county boards of education, and of Mr. John, who was appointed a member of said Board by the State Board of Education. The procedure as herein followed is prescribed in Section 165.294, V.A.M.S.

The Board duly met, considered the matter, and rendered a decision holding that the territory involved should be detached from the one district and attached to the other, in accordance with the proposition submitted to the voters. This litigation followed.

Section 165.294, supra, provides in part, as follows: " * * * The board shall consider the necessity for the proposed changes and shall decide whether the boundaries shall be changed as requested in the petition or be left unchanged, which decision shall be final."

Defendants contend that the Board is not an administrative agency, within the meaning of Chapter 536, V.A.M.S., supra. With this view we agree. Section 536.010 of the Act defines "Agency" as any administrative officer or body *"existing"* under the constitution or by law and authorized to make rules or to adjudicate contested cases. The Board, in this case, is not an existing board. Nowhere in the statutes do we find such a board set up as an existing body. Its *creation* is provided for in the statutes, but only as a temporary body which, after having performed the sole function for which it was brought into existence, automatically expires. We do not think that it was the intent of the Legislature that the administrative act apply to this purely temporary board of arbitration.

Such boards as this have been referred to as "inferior tribunals," "quasi-judicial bodies," "Board or Commission."

The Supreme Court, in State ex rel. School Dist. No. 1 v. Andrae, 216 Mo. 617, 629, 116 S.W. 561, 563, spoke of such a board as " * * * having no authority to take testimony, to swear or compel the attendance of witnesses, or to do any of the ordinary acts incident to the procedure of courts * * *. They are not required to be sworn." It was said that they are authorized to " 'consider the necessity for such proposed change (of boundaries) and render a decision there-

on.' They may consider this question in any way they think proper. There is no course mapped out for them." The court there was considering the functioning of a board created under Section 9742, R.S. Mo.1899, the ancestor, so to speak, of Section 165.170, V.A.M.S. Section 165.-294, with which we are concerned in the instant case, is almost identical in its terms and provisions with Section 165.170, supra, except for the type of school district to which it is made applicable.

In State ex rel. Reorganized School Dist. etc. v. Robinson, 276 S.W.2d 235, 237 (decided February, 1955), the Springfield Court of Appeals considered the legality of an award by a board of arbitration functioning under the provisions of Section 165.170 V.A.M.S. The court said that its final award is the *only record* which the Board is *required to make and keep.*

■ While it is true, as stated by plaintiff, the decision in the case of State ex rel. School Dist. No. 1 v. Andrae, supra, was rendered in 1909, decades before the enactment of our Administrative Procedure Act, nevertheless the Springfield Court, in 1955, gave the statute the same construction previously given it by the Supreme Court. Indeed, it is the only reasonable construction that can be given it. And Section 165.294, which governs the instant case, was enacted (effective 90 days after May 31, 1955), Laws 1955, page 528 and, as stated, virtually the same language is used in it as is used in Section 165.170. We must presume that the Legislature was familiar with the court decisions construing said language.

■ In State ex rel. Reorganized School Dist., etc. v. Robinson, supra, the court said that school laws will be liberally construed so as to effectuate their beneficent purpose, and that since laws are usually administered by plain ordinary people, not lawyers, substantial compliance with the terms of the statutes is all that will be required. The statute here considered does not require the formal swearing of witnesses, the formal introduction of evidence, nor the keeping of any stenographic or other record, except that of the final decision or award. The Board was only required to make " * * * 'a mere informal investigation as to the propriety of such change of boundary lines' * * * and 'that the statute neither contemplates nor requires the formal introduction of evidence * * * to the end of revealing that all of the prerequisites essential to changing the boundary line between districts (are) complied with.' " State ex rel. Reorganized School Dist., etc., v. Robinson, 276 S.W. 2d 240, 241.

We think this statute, of venerable genealogy so far as its wording is concerned, constitutes an exclusive code of procedure governing and ruling the subject therein legislated upon. That it is not even affected by the general statutory law of arbitration is apparent from a simple reading of Chapter 435, V.A.M.S.

The vital elements of speed, simplicity, and economy of settling school boundary disputes, as provided in the applicable statute, would be sacrificed if it should be held that the procedure of arbitration boards provided therein shall be governed by the provisions of the Administrative Procedure and Review Act. It was not the intention of the Legislature that said Act apply, and prior court rulings clearly indicate that it cannot and does not apply.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.