STATE of Missouri ex rel. KING CITY,
MISSOURI R–1 SCHOOL
DISTRICT, Appellant,

v.

Arnold UELIGGER, Assessor, Andrew County, Missouri, et al., Respondents.

No. 24824.

Kansas City Court of Appeals.

Missouri.

June 27, 1968.

Roscoe E. Moulthrop, Bethany, amicus curiae and Counsel for Union Star School District of Union Star, Missouri.

R. A. Brown, St. Joseph, for appellant.

Alden S. Lance, Pros. Atty. for Andrew County, Missouri, Savanna, for respondent.

BROADDUS, Special Commissioner.

This is an appeal from a mandamus action wherein the Assessor of Andrew County Missouri, the County Clerk and the duly constituted Board of Equalization of that county are charged with having failed and refused to assess taxes and extend the tax books to appellant.

The facts are that on April 2, 1957, an election was held by School District R–2 of DeKalb and Andrew County, Missouri, also known as School District R–2 Union Star, Missouri, and School District R–1 Gentry and DeKalb County, Missouri, also known as School District R–1 King City, Missouri, for the purpose of determining whether or not portions of School District R–2 should be detached from that district and attached to School District R–1. The vote for both changes was favorable in R-1 and unfavorable in R–2.

Both matters went to a Board of Arbitration, as provided by law, the two matters were heard at the same time, and the Board awarded all of the territory involved to School District R–1 (King City).

The regularity of the proceedings of this Board of Arbitration has already been tested

in this court and found to be proper. Reorganized School District R–11, DeKalb and Andrew Counties, Missouri v. John et al., 312 S.W.2d 171. In that particular action, the territory involved lay in the northern border of DeKalb County.

The other territorial change considered and voted on by the Board of Arbitration involved territory located in the eastern part of Andrew County.

Following the decision of the Board of Arbitration which, as we have stated, was in favor of Relator, Russell N. Wehrli, Superintendent of the King City School District, addressed a letter to the County Clerk of Andrew County enclosing a copy of the Report of the Board of Arbitration's decision and requesting that the area be extended on the tax books to the relator district. The legal description appended to this letter was not a completely accurate description of the property involved.

On July 28, 1958, Relator's Secretary, Marion S. Taylor, in her official capacity as secretary certified "That the description of the annexed territory, located in Andrew County, Missouri, and attached hereunto and made a part of this certificate and marked 'Exhibit A' is a true and accurate description of said area which has been annexed to the said Reorganized School District No. 1, formerly a part of R–2 District, commonly known as the Union Star District. The purpose of this certificate is for filing in the office of the County Clerk of Andrew County, Missouri, as required by law." This certificate and the correct description appears as Relator's Exhibit 1.

Relator's Exhibit 3 is a map showing the area involved or as stated at the trial, "This was a map that was used when we published the area to be voted on." This map shows the correct description. It was published in the King City, Missouri, papers, was posted generally throughout the voting area in the voting places, and was used by the Board of Arbitration in determining the district to be considered by that Board.

It was stipulated that the tax books had not been extended and taxes had not been paid to the Relator. The King City District each year filed its levy return with the County Clerk. It was stipulated that the taxes have been assessed and credited and paid to King City R–1 School District and Union Star School District in the same manner as before the attempted boundary change.

Relator's request for mandamus was denied by the trial court, a motion for new trial was timely filed and overruled, and this appeal followed.

In order for the Board of Arbitration to find, as it did, that a "change of boundaries in this instance was necessary and proper" it was, of course, essential that the Board have knowledge of the "area involved." In order to obtain that information it was only necessary for the Board members to look at the map before them. The area was clearly shown thereon by lines marked in red. Shown on this plat are the names of the owners of the lands within that marked area, and the number of acres which they own.

Section 137.290 V.A.M.S., provides that the Clerk of the County Court, after receiving notice from a school district authorized by law to make levies, shall extend the taxes in the assessor's book, shall on or before the 31st day of October deliver the tax book with the rates extended to the Collector and the book with the taxes extended shall then be authenticated by the Seal of the County Court as the tax book for the use of the Collector.

Section 164.041, V.A.M.S., which applies to School Districts requires that the County Clerk shall proceed to assess the amount returned by the District against all taxable property in the District, the taxes shall be extended by the County Clerk upon the general tax books of the County for the year in separate columns, etc.

Section 138.050, V.A.M.S., sets out the rules to be observed by County Boards of

Equalization, and Section 138.060, V.A.M.S., provides for appeals and further provides that the County Clerk shall keep an accurate record, that the assessor shall correct all erroneous assessments, and the Clerk shall adjust the tax book according to the orders of the Board.

Under the statutory law, therefore, it is clear that King City has done everything required of it. It has notified the County Clerk and the Assessor that taxes should be extended and assessed to King City, but the County Clerk and the Assessor and the County Court have failed to perform their statutory obligations. Their apparent excuse is that the original description of the land transferred to King City was erroneous, but, as we have stated, a "true and accurate description" was given to these officials by Relator's Secretary.

The case of State ex rel. Consolidated School District No. 1, Mississippi and New Madrid Counties v. Jones, 320 Mo. 353, 8 S.W.2d 66, is directly in point. This was an opinion by the Supreme Court and involved an action in mandamus wherein a school district brought the action against a county clerk who had refused to assess taxes to that district on the grounds that the district was improperly organized. The Supreme Court ordered the peremptory writ and held that in a proceeding of this kind a collateral attack could not be made. It pointed out that the record on its face showed that proper steps had been taken, that the Clerk had been notified, and had refused to perform his duties.

The question of a plat was also involved in that case and the court pointed out that attacking the plat was a collateral attack. The opinion stated: "The respondent (county clerk) has only a ministerial duty to perform; he is in no position under his return to question either the incorporation of relator or the inclusion of the land in New Madrid county within the district."

In the instant case, we have an admitted election, an admitted referral to an arbitration board, and a stipulation that Relator notified the respondents and asked to have taxes extended to the King City District. There is the additional fact that the original description of the property involved was not completely accurate. It is further admitted that at the arbitration hearing a plat was used in place of a legal description and that this was the same plat which had been posted before the election in the various voting places in the district. This plat was correct and the land covered by the plat was awarded to King City by the Board of Arbitration. The Report of the Board discloses that no question was raised at the arbitration hearing as to the "area involved." The statute (Sec. 165.294) which was then in effect, provided that the decision of the Board "shall be final." The respondents are, in fact, making a collateral attack on that decision and this they have no right to do. It is extremely significant that none of the individuals whose land has been transferred to King City have objected and their children are going to school in King City. Under the undisputed facts the trial court erred in denying the writ of mandamus.

The judgment should be reversed and the cause remanded with directions to the trial court to issue a peremptory writ of mandamus commanding the assessment of the property described in the certificate of Relator's Secretary to the R–1 School District and that the tax levies for the current year, 1968, be extended in accordance therewith. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is reversed and the cause remanded with directions to issue a peremptory writ of mandamus commanding the assessment of the property described in the certificate of Rela-

tor's Secretary to the R–1 School District and that the tax levies for the current year, 1968, be extended in accordance therewith.

HOWARD, P. J., and MORGAN, J., concur.

CROSS, J., not participating.