CONSOLIDATION COAL COMPANY, Appellant,

*v.*

ELMER J. BROWN, Appellee.

CONSOLIDATION COAL COMPANY, Appellant,

*v.*

CHARLIE PHILLIPS, Appellee.

474 S.W.2d 416

(*Knoxville*, September Term, 1971.)

Opinion filed December 6, 1971.

Donald F. Paine, Knoxville, for appellant.

J. H. Hodges, Knoxville, J. Carson Ridenour, Clinton, for appellee.

Mr. Justice Creson delivered the opinion of the Court.

This opinion involves two appeals perfected by the employer of the appellees from the Law Division of the Law and Equity Court of Anderson County. The trial judge determined that appellees were suffering from the occupational disease of pneumoconiosis or silicosis which rendered them permanently and totally disabled within the purview of the Workmen's Compensation Law, and that this disease arose out of and in the course of appellee's employment with appellant.

It was also further determined that appellee Phillips was entitled to recover certain material expenses from appellant in the amount of $63.50.

In this opinion the parties will be designated by their adversary status in the trial court; that is, Elmer J. Brown and Charlie Phillips, as petitioners, and Consolidation Coal Company, as defendant.

Each of the petitioners filed his petition seeking compensation. The material allegations of each petition are identical. The substance of both petitions is that, prior to March 31, 1970, defendant operated a coal mine near Devonia, Tennessee; that petitioners were employed by defendant and worked in the mine at Devonia; that while performing their duties petitioners were exposed to and forced to breathe air which contained great concentrations of dust, silica particles and other deleterious materials; that petitioners continued working in this atmosphere until March 31, 1970, when defendant ceased to operate the mine at Devonia; that after being examined by a physician on April 17, 1970, petitioner Brown learned for the first time that he was suffering from the disease of silicosis; that petitioner Phillips learned on June 17, 1970, that he was suffering from the

disease of silicosis, after being examined by Dr. William Swann; that this malady was brought about by working in dust laden air; and that petitioners are permanently and totally disabled within the meaning of the Workmen's Compensation Law and justly entitled to relief.

Defendant filed its answer to each petition. In each answer, defendant admits that petitioner was employed by defendant, and had worked in the coal mine for a number of years. Defendant denied that petitioners were exposed to silica dust while working in its mine and that petitioners were totally and permanently disabled. Defendant further avers that if petitioners are suffering from silicosis, then petitioners knew, or should have known, that they were suffering from this disease more than one year prior to commencement of their suits against defendant. Defendant denies that petitioners contracted silicosis from working in the coal mine at Devonia.

The evidence presented at the hearings on the two petitions may be summarized as follows:

Petitioners have spent their entire economic lives working in coal mines, and neither of the petitioners has had the benefit of much formal education. Petitioner Brown has worked in the coal mining industry for forty-eight years and has an eighth-grade education. On the other hand, petitioner Phillips has spent twenty-seven years in the coal mines, and has a third-grade education. Mr. Brown has worked for defendant for seventeen years while Mr. Phillips has been in the employ of defendant at Devonia mine for fifteen years.

Both petitioners testified that they experienced extreme difficulty in breathing and that their breathing has

been severely strained for the past one or two years. Petitioners stated that they were unaware of what caused the shortness of breath until they visited physicians after the mine closed on March 31, 1970. Petitioner Brown stated that he thought that his breathing difficulties were caused by "heart trouble" since his father and one of his brothers had died of heart disease.

On April 17, 1970, Mr. Brown was examined by Dr. William Rogers. He learned for the first time that he had a great accumulation of rock and coal dust in his lungs. Petitioner Brown testified that he was told by Dr. Rogers that this condition was incurable and would continue to become more acute. Mr. Brown further testified that his breathing has become progressively more strained and difficult since he was examined by Dr. Rogers.

Mr. Phillips was examined by Dr. William Swann on June 17, 1970. After the examination was completed, Mr. Phillips likewise was informed that he had contracted silicosis. Petitioner Phillips further testified that he has experienced more difficulty in breathing since he was originally examined on June 17, 1970.

At the hearing on their respective cases, each petitioner stated that he was not able to perform any type of work. Petitioner Brown testified that he had tried to mow his lawn and run the vacuum cleaner for his wife but that he could not perform these simple tasks since his breathing was impaired. Mr. Phillips stated that he had tried "to make a garden" but he could not finish this task since he could not breathe a sufficient quantity of air.

At the hearings below petitioners' wives, Josephine Brown and Edith Phillips, also testified. Their testimony corroborated the testimony of petitioners, in every respect.

At the hearing on Mr. Brown's petition, the deposition of Dr. Rogers was introduced into evidence. Dr. Rogers stated that he found Mr. Brown's physical condition to be as follows:

"He had rather marked nodulation in his lung fields, all through both lung fields, some small rounded nodules maybe a millimeter in diameter, and other nodules that would be as large as three or four millimeters in diameter, some of them somewhat irregular. This was certainly compatible with coal workers pneumoconiosis or silicosis, and I put this in either stage two, if you are talking about silicosis, or the more modern term of category two. I felt he had very definite coal workers disease and more than just a small amount."

Dr. Rogers further said that the condition described above is permanent and that it may get worse.

At the hearing on Mr. Phillips' petition, the deposition of Dr. William Swann was received into evidence. Dr. Swann stated that after examining Mr. Phillips, he found that petitioner had contracted silicosis. After petitioner Phillips' disease was diagnosed by Dr. Swann, Dr. Rogers examined him. In his deposition, which was also introduced into evidence, Dr. Rogers stated that Mr. Phillips had contracted silicosis and that this condition would be permanent.

From each adverse judgment below defendant has seasonably perfected an appeal-in-error to this Court.

578

Defendant assigns three errors in the judgment rendered for petitioner Brown. The substance of these assignments are: (1) that the trial court erred in adjudging petitioner Brown permanently disabled since this finding is not supported by expert medical evidence; (2) the finding of fact that petitioner is totally disabled is inconclusive since the trial judge disregarded material evidence in the record that Mr. Brown was not totally disabled; (3) petitioner's right to compensation is barred by T.C.A. sec. 50-1108 since he did not commence his suit until more than one year after he knew that he had contracted the disease.

Defendant has also assigned three errors to the judgment below rendered for petitioner Phillips. The substance of these assignments are: (1) that the trial court erred in adjudging petitioner Phillips permanently disabled since this finding is not supported by expert medical evidence; (2) the finding of fact that petitioner is totally disabled is inconclusive since the trial judge disregarded material evidence in the record that Mr. Phillips was not totally disabled; (3) the trial court erred in allowing medical expenses for treatment by a physician not designated by defendant.

We will proceed to consider and discuss together the first assignments to the judgments below, then we will consider the second assignments of error to judgments since this will facilitate our determination of the instant case. Finally, the third assignment of error to each judgment will be considered separately since these assignments raise two distinct issues.

At this juncture, it must be pointed out that the scope of review of facts in workmen's compensation cases is limited by the material evidence rule. The findings of

fact in the court below will not be disturbed on appeal if supported by material evidence. *Travelers Insurance Company v. Googe* (1965) 217 Tenn. 272, 397 S.W.2d 368.

In its first assignment to each of the judgments rendered in favor of petitioners, defendant assails the finding of the trial judge that petitioners were permanently disabled since there is no medical evidence in the record to support this finding. Defendant relies on our earlier case of *Minton v. Leonard* (1967) 219 Tenn. 642, 412 S.W.2d 886. In *Minton v. Leonard* we reversed the trial court because its finding that the injured workman was permanently disabled was not supported by any material evidence. The records in the cases at Bar show beyond any shadow of doubt that Dr. Rogers and Dr. Swann stated that the disease that afflicts petitioners is permanent. The finding of the trial judge is supported by material evidence.

Defendant asserts in the second assignments to each of the judgments below that the finding by the trial court that petitioners were totally disabled is inconclusive since the trial judge disregarded material evidence to the contrary. Defendant contends that there was competent medical evidence in the record that petitioners were not totally disabled.

This contention of defendant is without merit. In *Federated Mutual Implement & Hardware Insurance Company v. Cameron* (1967) 220 Tenn. 636, 422 S.W.2d 427, we pointed out that there are differences in the meaning of disability in a medical and legal sense. We said:

"This Court recognizes that there are differences between the medical and the legal meaning of disability

under the Workmen's Compensation statutes. Chief Justice Burnett, in *Lunsford v. A. C. Lawrence Leather Co.* (1949) 189 Tenn. 293, 225 S.W.2d 66, and the late Justice White, in *McKenzie v. Campbell & Dann Mfg. Co.* (1962) 209 Tenn. 475, 354 S.W.2d 440, have ably delineated the variance. The measures of disability in a medical sense, are substantially more narrow than those contemplated by the Workmen's Compensation statutes. In determining what may constitute permanent total disability, the concepts embodied in Workmen's Compensation take into account many pertinent factors, including skill, education, training, duration and job opportunity for the disabled."

The records in the instant case reflect that the trial judge was guided by the criteria discussed in the *Federated Mutual* case in determining that petitioners were totally disabled. This finding is supported by material evidence, and we will not disturb it.

■ In reference to the judgment recovered by petitioner Brown in the court below, defendant assigns as error the failure of the trial judge to rule that the suit was barred by T.C.A. sec. 50-1108. The pertinent part of T.C.A. sec. 50-1108 provides:

"*Limitations.*—The right to compensation for occupational disease shall be forever barred unless suit therefor is commenced within one (1) year after the beginning of the incapacity for work resulting from an occupational disease."

In *Tennessee Products & Chemical Corporation v. Reeves* (1967) 220 Tenn. 148, 415 S.W.2d 118, we discussed the statutory provision quoted above. We said:

"It results before the statute of limitations in occupational disease cases begins to run there must be: First, an incapacity for work; Second, either actual or constructive knowledge and occupational disease is the cause of the incapacity for work. In relating the incapacity for work to the disease an employee is required to exercise reasonable care and diligence; and if he does not he could be charged with constructive notice."

There is not one iota of evidence that petitioner Brown ever had any knowledge that his incapacity was caused by the occupational disease of silicosis until he was examined on April 17, 1970, by Dr. Rogers, nor is there any evidence that petitioner failed to use reasonable diligence to ascertain that he was afflicted with an occupational disease. Mr. Brown's suit which was commenced on April 28, 1970, was instituted within the period of the statute of limitations.

■ Finally, defendant contends that the trial judge erred in allowing petitioner Phillips to recover medical expenses in the amount of $63.50. These expenses arose out of the tests and examination by Dr. Swann on June 17, 1970. This was prior to the time petitioner notified defendant that he had contracted silicosis and brought suit. Defendant contends that it is not liable for these medical expenses since they were incurred in treatment of petitioner by a physician not designated by defendant.

T.C.A. sec. 50-1004 provides that the employer shall furnish

". . . free of charge to the employee such medical and surgical treatment, medicine, medical and surgical supplies, crutches, artificial members, and other ap-

paratus, such nursing services as ordered by the attending physician and hospitalization, including such dental work made reasonably necessary by accident as herein defined, as may be reasonably required . . . . The injured employee shall accept the same; provided, that the employer shall designate a group of three (3) or more physicians or surgeons not associated together in practice if available in that community from which the injured employee shall have the privilege of selecting the operating surgeon or the attending physician; . . . ."

In *Consolidation Coal Company v. Pride* (1970) 224 Tenn. 188, 452 S.W.2d 349, we held that an employee could not recover medical expenses for treatment of an occupational disease from a physician not designated by his employer after he became aware that he had contracted the disease. After the employee learns that he is afflicted with an occupational disease, he is "under a duty to consult with his employer . . . before incurring additional medical expenses."

However, in the case of *Charnes v. Burk* (1959) 205 Tenn. 371, 326 S.W.2d 657, we allowed an employee to recover medical expenses incurred in the diagnosis of his disease which arose prior to notice of claim for compensation and institution of suit. The medical expenses in *Charnes v. Burk* were incident to the employee's ascertaining for the first time that he had contracted an occupational disease. This is exactly the same situation that we have before us in petitioner Phillips' case. The trial judge did not err by awarding petitioner his medical expenses incurred in the diagnosis of his condition.

All assignments of error in the cases at bar are overruled and the judgments of the court below affirmed. Costs of the two appeals are taxed to defendant.

DYER, CHIEF JUSTICE, HUMPHREYS and McCANLESS, JUSTICES, and JENKINS, SPECIAL JUSTICE, concur.