Mike McKAMEY, Plaintiff-in-Error,

v.

PEE WEE MINING COMPANY, INC., and Thomas A. Wiseman, Jr., Defendants-in-Error.

Supreme Court of Tennessee.

Feb. 5, 1973.

———◆———

Lee Asbury, Jacksboro, for plaintiff-in-error.

David M. Pack, Atty. Gen., C. Hayes Cooney, Asst. Atty. Gen., Nashville, Earl R. Layman, Knoxville, for defendants-in-error.

## OPINION

HUMPHREYS, Justice.

This is a Workmen's Compensation case in which McKamey was awarded total and permanent disability benefits because of the lung disease of coal workers, pneumoconiosis, contracted and developed while working for Pee Wee Mining Company. The trial judge's finding and holding was summarized from the bench in part as follows:

"Of course, the evidence is uncontroverted that in 1950 the petitioner-complainant was awarded workmen's compensation benefits at 60 percent permanent partial to the body as a whole, and later 90 percent to one finger, permanent partial, and later 5 percent to the right arm, permanent partial; that he began work for the defendant-employer in November or December 1969, and worked for Pee Wee Mining Company until April 10, 1970.

"He had no difficulty doing the work that he was assigned to do, operating a Joy loader. The conditions in the mine were such that they were conducive to the development or the onset of silicosis, or what is more lately referred to as coal workers pneumoconiosis. And it is believed that the complainant developed coal workers pneumoconiosis during that period of time, and when he ceased work, April 10, 1970, his condition was such that he was permanently and totally disabled.

"I believe the testimony sustains this conclusion, Gentlemen, that his total permanent disability, arising out of and in the course of his employment by the Pee Wee Mining Company, was permanent and total from the coal workers pneumoconiosis within itself, and independent of any other disabilities that existed. After all, he had been doing all the work, and apparently satisfactorily, to which he was assigned. When he applied for work and was employed by Pee Wee Mining Company, he was asked no questions. He was given no physical examination. He wasn't asked to state any disability that he may have had.

"I think the rule announced in the old *Wabash* case, that the employer takes the employee in whatever condition he was at the time, would be applicable; and that he developed the coal workers pneumoconiosis as the result of his employment by the defendant, Pee Wee Mining Company; that since April 10, 1970, he has been permanently and totally disabled as the result of the coal workers pneumoconiosis, independent of any prior disability he may have had. I think the medical testimony adequately sustained that conclusion."

The Court then held that the Second Injury Fund was not liable for the reasons that the employer had no knowledge or any prior disability, or disabling condition, existing at the time of the employment, and because the facts of the case, establishing 100 percent disability by reason of coal miners pneumoconiosis for which the employer was solely responsible, did not bring the case under the Second Injury Fund statute.

Pee Wee Mining Company has appealed, assigning as error the failure of the trial judge "to give credit to the defendant, Pee Wee Mining Company, Inc. for disability previously awarded to the plaintiff for an injury compensable under the Workmen's Compensation Law for which a court of competent jurisdiction had awarded benefits based on a percentage of disability to the body as a whole."

By this assignment the Mining Company seeks to have a provision of § 50–1007 T.C.A. applied so as to "allow it credit for a 60% permanent partial disability referrable to the body as a whole," paid by some former employer pursuant to the Workmen's Compensation Law. The trial judge held that this provision of the Code section could not be so applied, and we concur. The part of § 50–1007 on which the Mining Company relies is as follows:

> "(c) If an employee has previously sustained an injury compensable under this section for which a court of competent jurisdiction has awarded benefit based on a percentage of disability to the body as a whole and suffers a subsequent injury not enumerated above, the injured employee shall be paid compensation for the period of temporary total disability *and only for the degree of permanent disability that results from said subsequent injury.* (emphasis added)."

■ Although we recognize that it was early said to be the law that an act may be valid if the intention of the legislature can be intelligently gathered from the whole act, however awkwardly expressed, Garvin v. State, 81 Tenn. 162, it is, nevertheless, the accepted rule that the wording of a statute must be such that men of common intelligence can understand it without guessing at its meaning and differing as to its application. Otherwise, it is unconstitutional. Estrin v. Moss, 221 Tenn. 657, 430 S.W.2d 435.

■ It is evident that the statute does not accord with this rule. If, as Pee Wee Mining Company insists, it was the legislative intention that "credit" should be given, the statute would have, or should have, said so, straight out. These words were not used, and in their absence, for this Court to construe the statute as meaning this, would be for us to fly in the face of the declared intention of the Workmen's Compensation Law that it be liberally construed in favor of the workman.

Another problem not considered by the statute, which leaves its application indefinite, vague, and obscure, is that of the amount of money that is to be credited against the prior injury. The plaintiff-in-error, McKamey, was injured in 1950. He was paid on the basis of the benefits afforded by the statute in 1950. It cannot be possible that it was the intention of the legislature that McKamey's present employer, for whom he has delivered work at the rate of 100%, should be credited on the 1970 claim for the amount of money equal to the percentage of disability on the 1970 basis. The statute is silent as to how this obviously gross injustice is to be resolved; and so must be regarded as overly vague. The Workmen's Compensation Law takes away from the workman his common law rights and gives him others, on the guarantee that these substituted rights shall be generously awarded, both for foregoing his common law rights and in consideration of the obligation of his employer to keep his employee from becoming a public charge. To hold that an employer of a workman injured in 1970 shall have credit on the

1970 recovery based on the percent of disability that occurred in 1950, is so patently and grossly unfair that we should not charge this intention to the legislature.

There is yet another constitutional problem; that of classification. It would have to be conceded that the legislature could not pass a law that would, as a general proposition, give a debtor credit against his creditor's claim for money paid to the creditor by a stranger in settlement of his own liability where there is no privity relationship whatsoever on the part of the stranger to the debtor, or the creditor, or the claim. Such a statute would be contrary to the law of the land. Yet, this is what the Mining Company says the statute requires. The Mining Company, who has had the benefit of 100% production from its employee, who has now disabled its employee, is to have credit today for the percent of disability paid for twenty years ago by some other employer with whom the present employer has no privity or other relationship whatsoever. The entire proposal is rendered more unjust when it is considered that the prior disability award, and the employee's resulting physical condition, had nothing whatsoever to do with the present employment, the salary paid, the work performed, and the present 100% disability. We doubt very much that a classification that would do this would be constitutional.

We, accordingly, overrule the assignment of error based on the trial court's refusal to apply the statute as the Mining Company contended it should.

We agree that the Second Injury Fund is not liable for the reasons stated by the trial judge. Accordingly, this assignment of error is overruled.

The judgment of the trial court is affirmed.

DYER, C. J., CHATTIN and Mc-CANLESS, JJ., and WILSON, Special Justice, concur.