EMPLOYERS–COMMERCIAL UNION
COMPANIES, Appellant,

v.

Benjamin TAYLOR, Jr., Appellee.

Supreme Court of Tennessee.

Dec. 8, 1975.

Eugene Charles Gaerig, Holt, Batchelor, Taylor & Spicer, Memphis, for appellant.

Walter Buford, Buford & Deal, Memphis, for appellee.

## OPINION

COOPER, Justice.

This is a workmen's compensation action. The employee, Benjamin Taylor, Jr., was awarded the statutory benefits provided for sixty percent permanent partial disability of the body as a whole. Employers-Commercial Union Companies, the workmen's compensation insurance carrier for the employer, Liberty Cash Warehouse, insists there is no material evidence to support the judgment of the trial court and, alternatively, that the trial court erred in failing to credit a prior workmen's compensation award against the present award.

Benjamin Taylor, Jr., was first employed by Liberty Cash Warehouse in January of 1962. His work at that time consisted primarily of loading and unloading cases of food. In 1967 Taylor suffered an on-the-job injury to his back, underwent disc surgery, and received workmen's compensation benefits provided for fifty percent perma-

nent partial disability of the body as a whole.

In October of 1969, Taylor was re-employed by Liberty Cash Warehouse to work in the warehouse at heavy manual labor and, subsequently, as a porter "pulling cases of food" in working up orders. Taylor performed the manual labor required by his job without limitation and without incident until February 25, 1971, when he injured his back while lifting a bundle of "twin cash and carry bags" weighing some fifty to sixty pounds. Taylor testified that he felt a sharp pain in his back and fell to his knees, crying out in pain. Taylor attempted to report his injury to his foreman, Charlie Pache, but was informed that Pache was in a meeting. According to Taylor, he then reported his injury to Arthur Cortesi, a supervisor, and left Liberty Cash Warehouse with his father whom he had telephoned to take him to the hospital.

Two of Taylor's co-workers testified they heard Taylor cry out and saw him on the floor, and that Taylor left work and went to the hospital with his father. One employee, Curtis Kirkwood, testified he told someone to inform a supervisor that a man had been injured and that thereafter Arthur Cortesi came to where Taylor was awaiting his father's arrival.

Mrs. Minnie Taylor, custodian of records at the John Gaston Hospital in Memphis, testified the hospital emergency room record shows Taylor arrived at the hospital at approximately 9:40 a. m. on the morning of February 25, 1971, and that he was complaining of a back injury.

In our opinion this evidence supports the trial judge's finding that Taylor sustained an on-the-job injury on February 25, 1971, and that he complied with the statutory requirement of notice by reporting his injury to his supervisor. *Gluck Bros., Inc. v. Breeden,* 215 Tenn. 587, 387 S.W.2d 825 (1965).

■ During the year following his injury, Taylor returned on several occasions to the neuro surgery clinic at John Gaston Hospital for treatment of his back injury. In February, 1972, he was referred by the Division of Vocational Rehabilitation to Dr. John P. Howser for examination and treatment of his injury, if called for. Dr. Howser testified that he treated Taylor's back injury conservatively until April 23, 1973, when he surgically removed the entire disc at the L–5 interspace. According to Dr. Howser, Taylor has a twenty percent permanent "medical impairment" from the February 25, 1971, injury over and above any disability he may have had from the prior disc surgery.

In determining the extent of a workman's disability from a job related injury, once permanent anatomical disability has been established by competent medical testimony, the trial judge must take into account other factors that have a bearing on the workman's ability to earn wages on the open market, such as skills, education, training, duration of disability, and job opportunities for the disabled. See *Federated Mutual Implement and Hardware Insurance Co. v. Cameron,* 220 Tenn. 636, 422 S.W.2d 427 (1967).

■ Taylor, now thirty-five years of age, has a ninth grade education and has no marketable skill. His work experience has been one of manual labor. The medical or anatomical disability resulting from the on-the-job back injury severely limits Taylor's access to the job market as a manual laborer. On considering all factors, the trial judge converted the twenty percent anatomical disability established by medical testimony to an industrial rating of sixty percent permanent disability to the body as a whole from the on-the-job injury of February 25, 1971. In our opinion, there is material evidence in the record to support that finding.

■ Appellant argues that any disability which Taylor may have suffered for the 1971 injury cannot be separated from the disability from the 1967 injury and that it was due credit for benefits paid under the

prior award citing T.C.A. 50–1007(c). T.C.A. 50–1007(c) provides in part as follows:

> "If an employee has previously sustained an injury compensable under this section for which a court of competent jurisdiction has awarded benefits based on percentage of disability to the body as a whole and suffers a subsequent injury not enumerated above, *the injured employee shall be paid compensation* for the period of temporary total disability and *only for the degree of permanent disability that results from said subsequent injury.*" (Emphasis supplied.)

Appellant's argument ignores the evidence that after his first injury, Taylor's physical condition so improved that he was able to do manual labor without limitation and to the complete satisfaction of his employer. His present inability to work, according to Dr. Howser, was due to the on-the-job injury of February 25, 1971. It was this disability which was the basis of the trial court's award of benefits.

In *Industrial Carving Company v. Hurst,* 223 Tenn. 469, 447 S.W.2d 871 (1969), this court approved an award of permanent partial disability benefits to an employee who had previously been adjudged permanently and totally disabled as the result of a back injury and had been paid full benefits. The employee had rehabilitated himself and had returned to work, and the court pointed out that:

> "All things considered, the employee did have an earning power at the time of his subsequent injury, irrespective of the previous adjudication of total permanent disability. Industry saw fit to utilize this recouped earning capacity; therefore, it should compensate him for the loss he has suffered.

See also *McKamey v. Pee Wee Mining Co.,* 498 S.W.2d 94 (Tenn.1973), wherein this court approved an award of total and permanent disability benefits to a workman without credit to the employer for benefits the employee had received under an earlier

award of permanent partial disability benefits.

Judgment affirmed. Costs are adjudged against Employers-Commercial Union Companies and its surety.

FONES, C. J., HENRY, HARBISON, JJ., and NEARN, Special Judge, concur.