**James R. PARTIN, Appellant,**

v.

**OLD REPUBLIC INSURANCE CO., Appellee.**

Supreme Court of Tennessee.

April 30, 1979.

Ray A. Stegall, Knoxville, for appellant.

Earl R. Layman, Roy P. Neuenschwander, Knoxville, for appellee.

OPINION

FONES, Justice.

This is a workmen's compensation case. The trial court denied benefits for coal miner's pneumoconiosis under T.C.A. § 50–1102 because plaintiff previously had been awarded 100% total permanent disability as a result of traumatic injuries sustained in February 1975, from which he has not recovered.

The proof showed that plaintiff, James H. Partin, age fifty-eight with a third-grade education, had been working in coal mines since age ten. In February 1975 plaintiff was seriously injured in an underground coal mine cave-in while employed by the Shadduck Coal Company. Plaintiff sought workmen's compensation benefits, and in June 1976 plaintiff and his employer entered into a court-approved settlement agreement, which specified a recovery in the sum of $19,395.92 for 100% total permanent disability to the body as a whole. Plaintiff testified that he has not worked since his accident in February 1975.

Plaintiff consulted several doctors who opined that he had pneumoconiosis on the basis of their examination of his chest x-rays. Plaintiff thereupon filed for pneumoconiosis benefits under the Tennessee Workmen's Compensation Law on July 7, 1977. Three doctors deposed that he was suffering from pneumoconiosis when he was disabled in the February 1975 mining accident. On the other hand, two physicians, Drs. Rogers and Kirkpatrick, stated that they could not confirm a diagnosis of pneumoconiosis, but did find symptoms of emphysema.

On May 10, 1978, the chancellor rendered an order, which recited the following findings of fact:

"The evidence establishes that since February of 1975 Mr. Partin has been totally and permanently disabled and that he has not returned to work and he has not recovered from his February of 1975 injuries.

The evidence is convincing and it is found that he has pneumoconiosis, that is Black Lung Disease, and that he had it in February of 1975 when he ceased working for the Shadduck Coal.

However, the evidence is also convincing and it's found that he was not disabled from working as a result of pneumoconiosis in February of 1975. He was, in fact, working at that time.

.    .    .    .    .

We do not think it is the intent or the policy of the law that an employee can simultaneously recover two 100% awards when he is totally disabled."

On appeal plaintiff asserts that the trial court erred in finding that he was not totally and permanently disabled by pneumoconiosis. In workmen's compensation cases the decision of a trial court will not be disturbed if there is any material evidence to support its findings. *E. g., Trane Co. v. Morrison*, 566 S.W.2d 849 (Tenn.1978). It was undisputed that plaintiff was working full-time in the coal mines at the time of his traumatic injuries, and plaintiff testified that except for the injuries sustained during the cave-in, he would still be working.

Despite the material evidence to support the decision below, plaintiff insists that the federal statutory presumptions incorporated into T.C.A. § 50–1102 mandate a different result. He argues that these provisions establish that once any evidence of pneumoconiosis has been introduced into evidence, a judgment must be rendered in favor of the employee unless rebutted by evidence that the employee is capable of continuing his usual coal mine work or its equivalent. In short, plaintiff contends that he is entitled to judgment in his favor since the undisputed proof was that he has not entered the mines since February 1975. For several reasons, we must disagree with this theory of the cause of action.

We find that an employee who previously has been adjudicated 100% totally and permanently disabled because of traumatic injuries received in a mining accident and who has not shown a rehabilitation from his disability cannot again be declared totally and permanently disabled from pneumoconiosis. Any other result would defeat the plain meaning of total permanent disability. In *Industrial Carving Co. v. Hurst*, 223 Tenn. 469, 447 S.W.2d 871 (1969), we held,

"It is not inconceivable that an employee, though previously adjudged permanently and totally disabled and fully compensated therefor, may rehabilitate himself and return to work. In so doing he renews his wage-earning capacity and if he suffers a subsequent injury then he is deprived of this newly acquired capacity and should be compensated for such loss." 223 Tenn. at 475; 447 S.W.2d at 873.

*Accord, Employers-Commercial Union Cos. v. Taylor*, 531 S.W.2d 104 (Tenn.1975); *McKamey v. Pee Wee Mining Co., Inc.*, 498 S.W.2d 94 (Tenn.1973). In the case at bar, plaintiff has not rehabilitated himself from the traumatic injury and returned to work. It therefore has been impossible for plaintiff to renew his wage earning capacity and place himself in a position to claim that such a newly-acquired capacity was lost because of pneumoconiosis.

The result we reach renders the evidentiary question raised by plaintiff moot.

Affirmed. Costs are adjudged against appellant.

COOPER, BROCK and HARBISON, JJ., and HUMPHREYS, Special Justice, concur.