Fred L. BISHOP, Appellee,

v.

UNITED STATES STEEL CORPORATION, Appellant.

Supreme Court of Tennessee.

Feb. 11, 1980.

W. Kyle Carpenter, Arthur G. Seymour, Jr., Frantz, McConnell & Seymour, Knoxville, for appellant.

O. D. Bridges, Jefferson City, for appellee.

## OPINION

COOPER, Justice.

United States Steel Corporation has appealed from a judgment awarding appellee, Fred L. Bishop, permanent partial disability benefits to the body as a whole. The basis of the disability benefits awarded was silicosis contracted by appellee while working at a zinc mine operated by appellant. Appellant insists that there is no material evidence that plaintiff, in the course of his employment, was exposed to respirable free silica in quantities sufficient to cause silicosis; that the allowance of medical expenses to appellee was in error since examination and treatment was by a physician not designated by appellant; and appellee's disability, if any, from silicosis was noncompensable since appellee was totally and permanently disabled from a non job-related condition at the time he initiated his claim for compensation for silicosis. We find no merit in these insistencies and affirm the trial judge.

Appellee was employed at the Jefferson City zinc mine from 1947 until retirement on January 1, 1970. During his employment, he had several job assignments, all involving manual labor. He helped "muck" headings in a drift, was a drill helper, a mule driver, a motorman, a truck driver, a scoop tram operator, operated a pay loader, and worked in the electric department setting up fans at locations within the mine to clear dust after the rock had been blasted underground. In the course of performance of these duties, especially in placing the fans and in "mucking," appellee was exposed to very dusty conditions.

Robert Spivey, a mine geologist employed by appellant, testified that the rock being mined for zinc was basically dolomite, but

that there was some quartz and flint or chert. These latter rocks contain silica.

Testimony given in another case by Robert Wilson, the mine superintendent, was admitted in evidence by stipulation of the parties. According to Mr. Wilson, tests made of settled dust in the mine revealed free silica content ranging from 3.8 to 7.5. He also testified that dust got into the air from blasting or moving rock and that free silica would float in the air.

Appellee testified that during the last two years he worked at the mine, he was short of breath, felt smothered, and coughed often. He also testified that he suffered from chronic phlebitis, which dated back to a leg injury he received in World War II.

Appellee was placed on sick leave in June, 1969, and retired in 1970, due to total disability from the phlebitis.

After retirement, plaintiff continued to experience difficulty in breathing, had extreme shortness of breath, and had a chronic cough. In November, 1971, appellee was admitted to the hospital on direction of Dr. William K. Swann for testing of respiratory and lung functions. From these tests, Dr. Swann concluded that appellee had silicosis and that the condition was compatible with appellee's history of exposure to dust in the zinc mine. Dr. Swann also testified that appellee's silicotic condition was disabling and permanent, rating appellee's disability from the disease at forty percent to the body as a whole.

The diagnosis of silicosis by Dr. Swann was sharply disputed by physicians who examined appellee on behalf of appellant. Noting this fact, and Dr. Swann's qualifications and standing in the field of thoracic surgery, the trial judge expressly accepted Dr. Swann's testimony both as to appellee's disability and its cause. These findings, being supported by material evidence, are binding on this court. See Stratton-Warren v. Parker, 557 S.W.2d 494 (Tenn.1977).

Appellant also has questioned the award of medical expenses to appellee, primarily on the ground that the medical services were performed by a physician of the appellee's choosing.

Generally, an employee can not recover medical expenses for treatment of an injury or occupational disease by a physician not designated by his employer. T.C.A. § 59–1004; Consolidation Coal Company v. Pride, 224 Tenn. 188, 452 S.W.2d 349 (1970). But where the medical expenses sought to be recovered were incurred in the initial diagnosis of the employee's compensable occupational disease, they are recoverable even though paid or owing to a physician not designated by the employer. Consolidated Coal Company v. Brown, 225 Tenn. 572, 474 S.W.2d 416 (1971); Charnes v. Burk, 205 Tenn. 371, 326 S.W.2d 657 (1959). Once the employee learns that he is afflicted with an occupational disease, he is "under a duty to consult with his employer . . . before incurring additional medical expenses," and in most instances cannot thereafter recover expenses incurred for treatment of the occupational disease by a physician not designated by the employer. Consolidation Coal Company v. Pride, 452 S.W.2d 349 (Tenn. 1970).

The medical expenses incurred by appellee prior to trial were incident to appellee's ascertaining for the first time that he had contracted an occupational disease and are the liability of appellant.

Appellant further insists that since appellee was totally disabled from a nonjob-related condition (phlebitis) at the time he initiated his claim for compensation for disability from silicosis, his disability from the silicosis is noncompensable. Appellant reasons that at the time silicosis was discovered, appellant had no earning capacity to lose. We see no basis either in the Workmen's Compensation Act or in logic to deprive a workman, who suffers a compensable injury, of benefits, merely because of the existence of an independent, concurrent, noncompensable cause of disability. Appellee has not worked, and therefore has not been exposed to the hazards of silicosis,

since he left the employment of appellant. It necessarily follows that his silicotic condition discovered in 1971 is attributable to the condition of his lungs when he took disability retirement, and the trial judge so found. In a similar case, *Belk-Elkhorn Corporation v. Dotson*, 428 S.W.2d 32 (Ky.1968), wherein the workman suffered a noncompensable and disabling heart attack on April 18, 1965, and then learned on February 3, 1966, that he had a disabling silicotic condition, the Kentucky Court of Appeals allowed recovery of workmen's compensation benefits, stating that:

> 'We do not believe that our workmen's compensation law contemplates that any disability an employee sustains in the course of and arising out of his employment shall be cancelled out, for compensation purposes, by disability from another cause.'

Contrary to the argument of appellant, we see no conflict in the holding in this case and our holding in *Partin v. Old Republic Insurance Company*, 580 S.W.2d 775 (Tenn. 1979). There, at the time a suit was brought for benefits for disability from silicosis, the employee was drawing full benefits under the workmen's compensation act for total and permanent disability from a traumatic injury. While in the present case, appellee has no disability from a work-connected cause except silicosis.

The judgment of the trial court is affirmed and the cause is remanded for execution of the judgment. Costs in this court will be paid by appellant, United States Steel Corporation.

BROCK, C. J., and FONES, HENRY, and HARBISON, JJ., concur.