**Vern ALLKINS, Plaintiff–Appellee,**

v.

**THOMAS FURNITURE CO., St. Paul Fire & Marine Ins. Co., Defendants,**

**and**

**Sue Ann Head, Custodian of the Second Injury Fund, Defendant–Appellant.**

Supreme Court of Tennessee, at Jackson.

Dec. 5, 1988.

Dianne Stamey, Asst. Atty. Gen., W.J. Michael Cody, Atty. Gen., & Reporter, Nashville, Tenn., for defendant-appellant.

David Hardee, Jackson, for plaintiff-appellee.

OPINION

HARBISON, Chief Justice.

This is an appeal by the custodian of the Second Injury Fund from an order of the

trial court allocating 90 percent of a total permanent disability award against that fund. The remainder of the award was allocated against the employer and its worker's compensation insurer. Those parties have not presented any issues for review.

After careful consideration of the record, we are of the opinion that the evidence does not preponderate against the findings of the trial judge, and his decision is, accordingly, affirmed.

There is very little dispute concerning the material facts. The injured employee, Vern Allkins, was 64 years of age at the time of the trial of this case in December, 1987. After being honorably discharged from the military service following World War II, he drove a truck for an employer in Michigan for about 33 years. He was involved in a serious truck accident in 1979. As a result he underwent surgery twice, first for the removal of two discs in the lumbar spine and later for the repair of a disc in the cervical spine. His injuries from that accident left him disabled to the point that he was unable to continue to work for his employer. He filed a worker's compensation claim which was settled for a lump sum of $26,500.00. None of the records from that proceeding were filed in the present case, however, and it does not otherwise appear whether this award was for total permanent disability or for partial disability.

In all events, Mr. Allkins was unable to return to work and in 1982 he was declared totally disabled by the Social Security Administration. He moved with his wife and family to Tennessee. His wife worked, and the family lived upon her income, Mr. Allkins' disability benefits and upon a retirement pension which he received from his former employer. In 1985 Mr. Allkins was feeling somewhat stronger and he was anxious to return to work. He read in a local newspaper that the Social Security Administration was offering inducements to disabled employees by permitting them to return to work for a trial period of nine months without penalizing their disability benefits.

Mr. Allkins had become a friend of Mr. Sam Hay, owner of Thomas Furniture Company in Lexington, Tennessee. There is no dispute among the parties but that Mr. Hay was well aware of the fact that Mr. Allkins had sustained a previous injury and that he was drawing disability benefits therefrom. Mr. Allkins did not advise Mr. Hay as to the percentage of his previous disability, but the two did talk together about the newspaper article and about the desire of Mr. Allkins to return to gainful employment even though he was under a disability program.

Although the exact date was not supplied, Mr. Allkins went to work for Thomas Furniture Company during the summer of 1985, probably during August. He worked full time, eight hours each day, six days each week, until he was injured in the scope and course of that employment on May 13, 1986, a period of approximately nine months. The work was fairly strenuous. It involved the assembling, lifting and moving of articles of furniture. Mr. Allkins testified that he suffered considerable discomfort from his back as a result of his activity, but he was able to perform the work and to earn a salary without missing any time because of his prior injury.

On May 13, 1986, he and a helper were attempting to carry a fairly large section of a sofa into a new mobile home of a customer when a temporary step leading into the structure gave way under him. Mr. Allkins fell, struck his head and twisted his back very painfully. He immediately reported the incident and sought medical treatment. Although he tried to return to work after a few days, the pain and discomfort in his back were so severe that he was unable to continue working, and he has not worked to any substantial degree since the date of the accident.

Mr. Allkins was seen by his family physician who referred him to a neurosurgeon. He was also seen by an orthopedic surgeon. The family doctor did not testify, but depositions were taken from the other two physicians. Both of them testified that appellee was suffering from substantial permanent disability prior to the acci-

dent. The orthopedic surgeon was of the opinion that the accident exacerbated the prior condition and resulted in some amount of additional permanent partial disability. He estimated this at five percent physical impairment. Neither the employer nor the custodian of the Second Injury Fund had the employee examined by an independent physician, and neither of them offered any proof at the trial.

The trial judge awarded the employee medical expenses and temporary total disability benefits from the immediate employer and also awarded ten percent permanent partial disability against that employer and its insurance carrier. As previously stated, no issues have been raised on appeal concerning that portion of the award.

The trial judge further found that the employee was totally, permanently disabled as a result of the May, 1986, accident and the resulting injury superimposed upon his previous injury. He awarded 90 percent permanent partial disability benefits against the Second Injury Fund. The Custodian of that fund has appealed, raising two issues.

■ In one of the issues, the Custodian insists that the appellee did not prove by a preponderance of the evidence at trial that he had sustained a compensable injury at work on May 13, 1986. The Custodian insists that the employee did not establish either causation or permanence of a work-related injury. We respectfully disagree. There was no dispute among the parties but that the employee did sustain a severe fall while at work on the date in question, and Dr. Robert Barnett, an orthopedic physician, testified that the employee would sustain additional permanent partial disability as a result thereof. This evidence was clearly sufficient to establish the employee's entitlement to some additional workers' compensation benefits from his immediate employer.

■ The other issue presented by the Custodian was that the employee had not shown that he had been "rehabilitated" so as to be entitled to any additional award of workers' compensation benefits. That is, the Custodian insists that the employee was already totally, permanently disabled prior to the May 13, 1986, accident.

The Custodian relies primarily upon the case of *Partin v. Old Republic Insurance Co.*, 580 S.W.2d 775 (Tenn.1979). The facts of that case are not apposite here. There an employee had been totally, permanently disabled as a result of an industrial accident. He never returned to work. It was later discovered that he was also suffering from pneumoconiosis, and it was insisted on his behalf that he was entitled to a further award of disability benefits for that condition. This Court affirmed the decision of the trial court denying benefits because the proof showed that there has been no rehabilitation from the employee's first total and permanent disability so as to entitle him to a further award.

In the course of that opinion, the court noted the earlier decision of *Industrial Carving Co. v. Hurst*, 223 Tenn. 469, 447 S.W.2d 871 (1969), in which the employee had received total permanent disability benefits before incurring a heart attack at a later job. It appeared that he had gone back to work in the interim and was engaged in gainful employment at the time of the disabling heart attack. Affirming an award of disability benefits for the second injury, the court said:

> It is not inconceivable that an employee, though previously adjudged permanently and totally disabled and fully compensated therefor, may rehabilitate himself and return to work. In so doing he renews his wage-earning capacity and if he suffers a subsequent injury then he is deprived of this newly acquired capacity and should be compensated for such loss. 223 Tenn. at 475, 447 S.W.2d at 873.

*See also Employers–Commercial Union Companies v. Taylor,* 531 S.W.2d 104 (Tenn.1975).

At the time of the accident out of which the present case arose, T.C.A. § 50–6–208(a), dealing with the Second Injury Fund, provided:

> If an employee has previously sustained a permanent physical disability from any cause or origin and becomes

permanently and totally disabled through a subsequent injury, he shall be entitled to compensation from his employer or the employer's insurance company only for the disability that would have resulted from the subsequent injury, and such previous injury shall not be considered in estimating the compensation to which the employee may be entitled under this chapter from the employer or the employer's insurance company; provided, however, that in addition to such compensation for a subsequent injury, and after completion of the payments therefor, then such employee shall be paid the remainder of the compensation that would be due for the permanent total disability out of a special fund to be known as the 'second injury fund' therein created.

The employee in the present case meets all the statutory requirements to recover from the Second Injury Fund. His immediate employer had actual knowledge of the employee's previous disability. There is ample medical evidence in the record to sustain the conclusion of the trial judge that following the May 13, 1986, accident, appellee was totally, permanently disabled. There is also ample evidence in the record that the employee had sufficiently rehabilitated himself to return to work in 1985 and to work at strenuous labor for a consecutive period of nine months before sustaining a second accidental injury while performing the duties of his employment.

"Rehabilitation" within the meaning of the cases cited above does not refer to a clinically supervised rehabilitation program or to formal institutionalized retraining. While this might be one form of rehabilitation, the term as used in the cases refers to an employee's having the ability and willpower to return to work and to demonstrate the existence of substantial earning capacity despite his or her previous permanent total disability.

The evidence sustains the conclusion of the trial judge that the employee has satisfied all of the requirements to entitle him to recover from the Second Injury Fund. The judgment of the Chancellor accordingly is affirmed at the cost of appellant. The cause will be remanded to the trial court for any further proceedings which may be necessary.

FONES, COOPER, DROWOTA and O'BRIEN, JJ., concur.