**Shirley Jean Ferguson MIZE, individually, and Shirley Jean Ferguson Mize, for the Use and Benefit of the next of kin of Charles William E. Ferguson, deceased, and Shirley Jean Ferguson Mize, the administratrix of the Estate of Charles William E. Ferguson, deceased, Plaintiff-Appellant,**

v.

**CONAGRA, INC., Defendant-Appellee.**

**Juanita C. CHAMBERLAIN, individually, and as surviving spouse of Harvey McClain Chamberlain, deceased, Plaintiff-Appellant,**

v.

**CONAGRA, INC., Defendant-Appellee.**

Court of Appeals of Tennessee, Eastern Section.

Feb. 24, 1987.

Permission to Appeal Denied by Supreme Court July 27, 1987.

Dennis B. Francis, Jenkins & Jenkins, Knoxville, for plaintiffs-appellants.

Fred H. Cagle, Jr., Frantz, McConnell & Seymour, Knoxville, for defendant-appellee.

W.J. Michael Cody, Atty. Gen. and Reporter, and Michael Lee Parsons, Asst. Atty. Gen., Nashville, for State, intervenor.

## OPINION

FRANKS, Judge.

In these wrongful death actions, the trial court granted summary judgments to defendant, stating the Workers' Compensation Act provides the exclusive remedy against an employer for injuries or death sustained by an employee as a result of an accident arising out of the course and scope of employment. Plaintiffs' actions were consolidated for the purpose of appeal.

The decedents were employees of defendant on September 19, 1984, when an explosion and fire occurred at defendant's manufacturing facility in Knoxville. The explosion, which resulted in the deaths of the employees, apparently resulted from an accumulation of grain dust and inadequate ventilation. Subsequently, defendant was penalized $1,000.00 for violating the Tennessee Occupational Safety and Health Act. Decedents were working within the course and scope of their employment at the time of their deaths and plaintiffs subsequently accepted workers' compensation benefits under the provisions of the Act but also elected to bring these actions which alleged, in pertinent part:

> That the defendant, Conagra, Inc. violated *Tennessee Code Annotated 50–3–105*, in that the defendant herein allowed a dangerous level of dust to accumulate under conditions which the defendant knew or in the exercise of reasonable care and caution should have known that an explosion might occur resulting in death of persons in or around the premises, the grain elevator. Defendant was negligent in failing to follow the standards commonly observed by the industry, the standards advocated by leading authorities in the field, and that the defendant contributed to the lack of formal regulations in this field by positive misrepresentations concerning safety. That the defendant knew that these misrepresentations might result in loss of life and/or injury and [it] is specifically

averred that this defendant was warned that the conditions that prevailed at plant at 938 Van Street in Knoxville might result in an explosion and cause serious injury but that the defendant neglected the said warnings. That the defendant's calous [sic] disregard for the life and safety of its employees such as the deceased, was a wanton and flagrant gross disregard for human life and that such actions and conduct on the part of the defendant averred to a reckless disregard for human life necessitating punitive damages.

Plaintiffs concede all accidental injuries arising under the workers' compensation law are not actionable at common law by virtue of the provisions of T.C.A., § 50-6-108.[1] Plaintiffs strongly argue, however, the defendant's violation of safety regulations constitutes an intentional tort which is not barred by the exclusive remedy provisions of the Act.

■ Our cases have established a breach of an employer's duty to provide a safe place to work is not equated with an actual intent to injure nor intentional tortious conduct. *King v. Ross Coal Co., Inc.,* 684 S.W.2d 617 (Tenn.App.1984); *Estate of Schultz v. Munford, Inc.,* 650 S.W.2d 37 (Tenn.App.1982); *Cooper v. Queen,* 586 S.W.2d 830 (Tenn.App.1979). While the allegations and record establish the defendant operated its business in a grossly negligent manner, we pointed out in *Cooper* there is a distinct difference, both factually and legally, between gross or criminal negligence and actual intent to injure. This court, in *King,* quoting from 2A Lawson, *Workmen's Compensation Law,* § 68.13 at 13-5 (1982), explained:

> Since the legal justification for the common-law action is the nonaccidental character of the injury from the defendant employer's standpoint, the common law liability of the employer cannot be stretched to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of *general intentional injury....* Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, wilfully and unlawfully violating a safety statute, this still falls short of the kind of *actual intention* to injure that robs the injury of accidental character. (Emphases added) 684 S.W.2d, at 619.

Plaintiffs cite cases from other jurisdictions which have relaxed the actual intent to injure rule by adopting the substantially certain standard. *See e.g., Millison v. E.I. du Pont de Nemours & Co.,* 101 N.J. 161, 501 A.2d 505 (1985). However, opinions from other jurisdictions construing workmens' compensation statutes are not binding on our courts. *See Holiday Inns, Inc. v. Olsen,* 692 S.W.2d 850 (Tenn.1985). Any departure from the stated public policy of this jurisdiction must come from the legislature or the Supreme Court.

■ Under our case authority, plaintiffs' allegations that defendant knowingly permitted dangerous working conditions to exist and violated safety regulations is not sufficient to subject defendant to common law liability. The Workers' Compensation Act provides the exclusive remedy for the entire injury and all of its damages. *Clanton v. Cain-Sloan Co.,* 677 S.W.2d 441 (Tenn.1984); *Clayton v. Pizza Hut, Inc.,* 673 S.W.2d 144 (Tenn.1984); *McKamey v. Pee Wee Mining Company, Inc.,* 498 S.W.2d 94 (Tenn.1973); *Liberty Mutual Ins. v. Stevenson,* 212 Tenn. 178, 368 S.W.2d 760 (1963); and *Perry v. Trans-*

---

**1.** The rights and remedies herein granted to an employee subject to the Workers' Compensation Law on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, shall exclude all other rights and remedies of such employee, his personal representative, dependents, or next of kin, at common law or otherwise, on account of such injury or death; provided, however, this section shall not be construed to preclude third party indemnity actions against an employer who has expressly contracted to indemnify such third party.

*America Ins. Group,* 703 S.W.2d 151 (Tenn.App.1985).

■ Plaintiffs also challenge the constitutionality of the exclusive remedy provisions of T.C.A., § 50–6–108, asserting a denial of due process in violation of the federal and state Constitutions. In sum, they argue they have been denied access to the courts and stripped of their legal remedy solely because of their status.

Shortly after the original Workers' Compensation Act was enacted, our Supreme Court upheld its constitutionality in *Scott v. Nashville Bridge Co.,* 143 Tenn. 86, 223 S.W. 844 (1919). In *Nichols v. Benco Plastics, Inc.,* 225 Tenn. 334, 469 S.W.2d 135 (1971), the court again upheld the constitutionality of the Act, giving its reasons:

> It is held that this provision of Workmen's Compensation legislation is not subject to attack on the ground that it violates the due process clauses of Federal and State constitutions and particularly the 14th Amendment to the Constitution of the United States because it is not a taking of a right without due process of law. [Citation omitted.] The spouse of an employee has no vested right to sue in tort for an act yet to be committed when the Act was passed. The legislature may abolish remedies recognized at common law and create new ones to attain a permissible legislative object. [Citation omitted.] 469 S.W.2d, at 137.

For the foregoing reasons we affirm the judgments of the trial court and remand, with cost incurred on appeal assessed to appellants.

SANDERS, P.J., and KIRBY MATHERNE, Special Judge, concur.