IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 8, 2002 Session

## WALLACE FORSYTHE v. TIMOTHY GIBBS

**Appeal from the Circuit Court for Davidson County**
**No. 00C-2875    Barbara N. Haynes, Judge**

---

**No. M2001-02055-COA-R3-CV - Filed August 15, 2002**

---

A laborer injured on the job during horseplay initiated by his employer claimed that he was entitled to damages in tort for his employer's actions. The trial court dismissed the suit, ruling that the plaintiff was bound by the exclusive remedy provisions of the Workers' Compensation Statute. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., J. and ROBERT E. CORLEW, III, SP. J., joined.

Luvell L. Glanton and William H. Stover, Nashville, Tennessee, for the appellant, Wallace Forsythe.

Paul L. Sprader, Nashville, Tennessee, for the appellee, Timothy Gibbs.

**OPINION**

### I. A DISLOCATED SHOULDER

Wallace Forsythe was employed as a laborer by D & T Construction Company, a small excavation firm owned and operated by Timothy Gibbs. On Saturday, November 7, 1998, Mr. Forsythe reported for work at 6:30 a.m. The work site was the parking lot of the Bethel Church on Old Hickory Boulevard in Nashville. Mr. Forsythe and another laborer, Jimmy Hartley, finished work on some catch basins, and performed cleanup there under the supervision of Mr. Gibbs. At 2:00 or 3:00 p.m., the work was completed, and Mr. Gibbs drove Mr. Forsythe and Mr. Hartley to an apartment complex about five minutes away to do some cement work. They completed the work at the second job site at about 4:00 p.m., and returned to the church in Mr. Gibbs' truck.

The parties agree that Mr. Forsythe and Mr. Gibbs wrestled in the church parking lot after they returned, and that Mr. Forsythe suffered a dislocated shoulder as a result. They are not in

agreement, however as to the underlying circumstances from which the injury arose. Mr. Gibbs characterized it as harmless, mutual horseplay, while Mr. Forsythe depicts himself as the unwilling victim of coercive and aggressive behavior.

According to the allegations in Mr. Forsythe's complaint, Jimmy Hartley had been teasing him all day about a hole in the seat of his overalls. As he sat next to Mr. Forsythe during the drive to the church, Mr. Hartley continued making jokes full of sexual innuendo and squeezing Mr. Forsythe's leg. When they arrived, Mr. Gibbs allegedly said to Jimmy Hartley that he would "hold" Mr. Forsythe, so Mr. Hartley could "get him". Though Mr. Forsythe protested, Jimmy Hartley grabbed him and attempted to throw him to the ground, while Timothy Gibbs stood nearby giggling. Mr. Forsythe succeeded in putting a headlock on Mr. Hartley and forced him to the ground.

Timothy Gibbs allegedly became angry at this point and said "Come on, Big Boy, put me down." Mr. Gibbs grabbed hold of the straps of his employee's overalls, and tried to throw him to the ground. Mr. Forsythe told him four or five times to stop and protested that he was worried about his left shoulder, which had been dislocated twice in the past. Mr. Gibbs ignored his protests and threw him to the ground, causing him great pain, and dislocating his right shoulder.

Timothy Gibbs and Jimmy Hartley tried to force the shoulder back into place, but did not succeed. Mr. Gibbs drove his employee to Baptist Hospital, where it was determined that surgery would be required to repair the shoulder. In response to billing questions by hospital employees, Mr. Gibbs did not reveal his possible liability for medical expenses under workers' compensation, but urged Mr. Forsythe to use his wife's employer-provided medical insurance.

Mr. Forsythe subsequently signed a first report of injury, as required by the Workers' Compensation Law. The report was prepared by Mr. Gibbs' wife, who was apparently the secretary of D & T Construction. It stated that the injury occurred while Mr. Forsythe was lifting a catch basin casting into place. Mr. Gibbs allegedly coerced Mr. Forsythe into signing the report.

## II. LEGAL PROCEEDINGS

On February 5, 1999, Mr. Forsythe filed a complaint against Gibbs and D & T Construction, claiming that he was entitled to workers' compensation, "or in the alternative, to bring a negligence action against the Defendants." He asked for $300,000 in compensatory damages. The defendants answered on July 2, 1999, denying that the plaintiff was entitled to any benefits under the Workers' Compensation Law.

Mr. Forsythe subsequently amended his complaint, adding a claim for emotional and mental distress. He later took a voluntary non-suit, but filed a new complaint on October 2, 2000. The new complaint, naming Timothy Gibbs as the only defendant, asserted a negligence claim, but did not

mention workers' compensation.[1] Defendant Gibbs answered the complaint on December 12, 2000, arguing that workers' compensation was Mr. Forsythe's sole remedy.

The defendant filed a motion for summary judgment on the same ground on June 8, 2001. Mr. Forsythe subsequently filed a motion to be allowed to amend his complaint, to add a claim that Mr. Gibbs inflicted injury on him intentionally and maliciously. There was no response to the motion to amend prior to a scheduled hearing, and the motion was granted without hearing.

Mr. Gibbs subsequently filed a motion to set aside the order granting the plaintiff leave to amend. He claimed that he did not respond to the plaintiff's motion because an error by the court clerk's office had led him to believe that the hearing was scheduled for a later date. On July 20, 2001, the trial court conducted a hearing on both pending motions. In orders filed on August 13, 2001, the court granted the defendant's motion to set aside its previous order, denied the plaintiff's motion to amend, and granted the defendant's motion for summary judgment.

The parties subsequently filed an agreed order in the trial court, stipulating that D & T Construction Company did have workers' compensation coverage on November 7, 1998, and that "as an employee, Mr. Forsythe would have been eligible for worker's compensation insurance coverage for an injury subject to the Workers Compensation Act . . . ." In a curious twist, the agreed order also stated that "the plaintiff is not agreeing that the situation at hand constituted an injury subject to the Workers Compensation Act." The trial court then re-issued its order granting the defendant's motion for summary judgment. This appeal followed.

### III. WORKERS' COMPENSATION

Mr. Forsythe raises two issues on appeal: whether the trial court erred in setting aside its order granting his motion to amend his complaint, and whether it erred in granting summary judgment to the defendant. We will deal with the summary judgment issue first, because its correct resolution renders the other issue moot.

### A. THE EXCLUSIVE REMEDIES PROVISION

As we stated above, the trial court granted the defendant summary judgment because it found that the plaintiff was bound by the exclusive remedies provision of the Workers' Compensation Law. This provision is found in Tenn. Code. Ann. § 50-6-108(a), which reads as follows:

(a) The rights and remedies herein granted to an employee subject to the Workers' Compensation Law on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, shall exclude all other rights and

---

[1] The defendant's attorney stated at oral argument that the plaintiff filed a new workers' compensation suit after the final judgment in the case at bar.

remedies of such employee, such employee's personal representative, dependents or next of kin, at common law or otherwise, on account of such injury or death.

The limitation found in Tenn. Code. Ann. § 50-6-108(a) is an integral part of the trade-off at the heart of the Workers' Compensation Law, Tenn. Code. Ann. § 50-6-101, et seq. Under that law, employees who are injured in the course of their employment may be paid statutorily-defined compensation without regard to fault. While the law allows employees to receive compensation without being compelled to satisfy onerous requirements of proof as to an employer's negligence, the potential liability of employers is subject to predictable limitations, which may be offset through appropriate insurance.

If an injury to an employee does not fall within the parameters of the law, then the exclusive remedies provision does not apply. As we noted above, the defendant's answer to Mr. Forsythe's initial complaint included a denial that the plaintiff was entitled to any benefits under the Tennessee Workers' Compensation Law, presumably on the theory that Mr. Forsythe was not acting within the scope of his employment at the time of his injury. The defendant has since abandoned that position, however, and Mr. Gibbs' attorney admitted in oral argument that Mr. Forsythe was injured in the course of his employment.

Further, Mr. Gibbs testified at deposition that even though the events in question happened at the end of the workday, the work was not yet completed, and there were still a few tasks to be performed before Mr. Forsythe and Mr. Hartley could quit for the day. These included loading a Bobcat onto a trailer so it could be hauled away. Mr. Forsythe testified that he didn't know exactly what he would have had to do after getting out of the truck, if he had not been attacked by his employer, but he agreed that the tasks that Mr. Gibbs described were customarily the final acts of the workday.

Once it is clear that an employee's injury was incurred within the course and scope of his employment, then the exclusive remedies provision comes into play. Appellant cites several cases which discussed possible exceptions to that provision, and argues that the circumstances of the current case fall within the scope of an exception. We do not agree.

In *Williams v. Smith*, 435 S.W.2d 808 (Tenn. 1968), a saleslady at a shoe store who was assaulted by the store manager brought suit against the company that owned the store. The Supreme Court held that the exclusive remedies provision barred her from bringing a negligence suit against her employer, but that she was entitled to sue the manager personally for assault and battery. In dicta, the Court noted that if the assault had been committed by the employer rather than by a supervisory employee, much of the rationale for treating the intentional assault as an industrial accident would collapse.

In *Gonzales v. Alman Construction Co.*, 857 S.W.2d 42 (Tenn. Ct. App. 1993), a construction worker lost a leg as the result of an dynamite explosion at his work site. The proof showed that his employer knowingly ordered the plaintiff to remove rocks in the vicinity of dangerous explosives,

even though the plaintiff had no training, certification or education in blasting activities. It was also shown that the employer had a long history of violating state blasting safety regulations. The defendant argued that the willful and continued violation of safety standards established to protect workers from the consequences of extremely hazardous activities amounted to a deliberate intent to injure those employees.

This court rejected that argument, but noted that there was precedent for the proposition that "[i]f the employee is able to prove that the employer had an actual intent to injure the employee, then the exclusive remedy provisions of the Workers Compensation Act do not apply." 877 S.W.2d at 46; *Mize v. Conagra, Inc.*, 734 S.W.2d 334 (Tenn. Ct. App. 1987); *King v. Ross Coal Co.*, 684 S.W.2d 617 (Tenn. Ct. App. 1984).

Mr. Forsythe argued that his employer intentionally assaulted him, and thus that we can infer that he intended to cause injury. We note, however, that the standard enunciated in *Gonzales, supra,* is far more stringent than that for civil assault and battery, where the assailant is liable for all the harm resulting from his unwanted actions, whether the injuries were intentional or not. *See* Battery, § 9 *Prosser and Keeton on Torts* (5th Edition, 1984).

### B. STANDARDS FOR SUMMARY JUDGMENT

In ruling on a motion for summary judgment, we are obligated to view the pleadings and the evidence before us in the light most favorable to the non-moving party, and to draw all legitimate conclusions of fact therefrom in his favor. *Gray v. Amos*, 869 S.W.2d 925 (Tenn. Ct. App. 1993); *Wyatt v. Winnebago Industries, Inc.*, 566 S.W.2d 276 (Tenn. Ct. App. 1977). If after so doing a genuine issue of material fact is made out, the motion must be denied. *Keene v. Cracker Barrel Old Country Store*, 853 S.W.2d 501 (Tenn. Ct. App. 1992). We need not, however, infer the existence of evidence which is not presented.

We have carefully read the testimony in this case, including two depositions each from Mr. Forsythe and Mr. Gibbs, and depositions from Mr. Hartley and from Don Gibbs, Timmy Gibbs' father. The evidence shows that Mr. Gibbs put his hands on Mr. Forsythe despite Mr. Forsythe's protests. This satisfies the requirements for civil assault and battery, but comes somewhat short of proving that Mr. Gibbs actually intended to harm Mr. Forsythe. In fact, the testimony of both Mr. Forsythe and Mr. Gibbs appears to be to the contrary. Mr. Gibbs characterizes the incident as arising from simple horseplay, and Mr. Forsythe, while appropriately angry at his employer for having so little regard for his feelings and his physical condition, nowhere states that he believes that Mr. Gibbs wanted to hurt him, or showed any satisfaction at the outcome of their struggle.

Contrary to the plaintiff's argument, we do not believe that the evidence allows us to infer that Mr. Gibbs intended to injure him, and thus we must conclude that Mr. Forsythe's sole remedy for his injuries is through the Workers' Compensation Law. We accordingly affirm the trial court's grant of summary judgment.

### III. THE MOTION TO AMEND

Appellant argues that the trial court erred by denying his motion to amend without giving an adequate explanation of its reasons. *See Henderson v. Bush Brothers*, 868 S.W.2d 236 (Tenn. 1993). It appears to us, however, that what appellant seeks is not an explanation, but a basis for reversal. He raised that argument because he believed that if he were allowed to allege that Mr. Gibbs was guilty of an intentional tort, then he could pursue the current action, and avoid the exclusive remedy provision of the workers' compensation statutes.

The only significant difference between Mr. Forsythe's complaint of October 2, 2000 and his proposed amended complaint is the replacement of the sentence "[t]he above acts were performed knowingly, wantonly and with gross disregard for the safety and welfare of the Plaintiff" with "[t]he foregoing acts of the Defendant Timothy Gibbs were done intentionally and maliciously." Since the plaintiff has not presented any evidence that his employer actually intended to harm him, the motion to amend the complaint amounts to a futile gesture.

Rule 15.01 of the Tennessee Rules of Civil Procedure states that leave to amend pleadings "shall be freely given when justice so requires." However, allowing or refusing amendments to pleadings is regarded as being within the sound discretion of the trial court, and will not be disturbed on appeal unless there is a clear showing of abuse of that discretion. *Merriman v. Smith*, 599 S.W.2d 548 (Tenn. Ct. App. 1980). It is not an abuse of discretion to deny a motion to amend where the grant of the motion would be futile.

### V.

The order of the trial court is affirmed. Remand this cause to the Circuit Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant, Wallace Forsythe.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.