IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
November 14, 2002 Session

## MARIO VALENCIA, NEXT OF KIN AND HEIR AT LAW OF FRANCISCO VALENCIA, DECEASED

### v.

## FREELAND AND LEMM CONSTRUCTION COMPANY

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Shelby County**
**No. 303778     Karen R. Williams, Judge**

---

**No. W2000-01700-SC-R11-CV - Filed June 24, 2003**

---

The plaintiff, as next friend of Francisco Valencia, filed two causes of action against Valencia's employer, the defendant, Freeland and Lemm Construction Company. The first is an action in tort alleging that the employer acted with "substantial certainty" in causing Valencia's death. The other action is a claim for benefits under the Workers' Compensation Law.[1] The trial court dismissed the tort claims. On appeal, the Court of Appeals affirmed the trial court's ruling, holding that in the absence of proof that the employer acted with the "actual intent" to injure Valencia, the plaintiff's exclusive remedy lay within the provisions of the workers' compensation statute. We granted review in order to determine whether the judicially-created exception to the exclusive remedy requirement of workers' compensation law, which requires "actual intent," should be broadly interpreted to include an employer's conduct that is "substantially certain" to cause injury or death. Under the exception as currently construed, the plaintiff cannot sustain a tort action against the employer unless he can prove the employer acted with "actual intent." Therefore, in the absence of an allegation of "actual intent," the plaintiff is limited to his workers' compensation remedies. It is this result that the plaintiff urges us to change. We must decline to interpret the exception as the plaintiff urges. Accordingly, the provisions of the workers' compensation statute are the exclusive remedy for employees to obtain relief from employers for injuries occurring in the course and scope of employment, unless "actual intent" to injure has been established.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the**
**Court of Appeals is Affirmed**

---

[1]The workers' compensation claims are not now before us.

1

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Bruce S. Kramer and Scott A. Kramer, Memphis, Tennessee, for the appellant, Mario Valencia.

James F. Eggleston, David Wade, and Stephen W. Vescovo, Memphis, Tennessee, for the appellee, Freeland and Lemm Construction Company.

R. Sadler Bailey and Andrew C. Clarke, Memphis, Tennessee, for the Amicus Curiae, Tennessee Trial Lawyers Association.

OPINION

I.  Facts and Procedural History

The parties do not dispute the facts of this case, but they offer differing interpretations of the applicable law.  It is a tragic set of circumstances that led to this lawsuit.  Franscisco Valencia was a regular employee of Freeland and Lemm Construction Company ("Freeland") and worked in an open construction trench.  On August 26, 1998, the trench in which Valencia was working collapsed, burying him alive and causing his death.  Both parties agree that Valencia was killed in the course and scope of his employment.

Safety regulations require that companies using construction trenches either slope the sides of the trenches or use "trench-boxes"[2] to ensure that the trenches do not collapse.  Prior to the collapse that caused Valencia's death, Freeland was cited twice for violating these safety regulations.[3]  In spite of these citations, Freeland continued to construct trenches that were neither sloped nor reinforced.  Freeland also did not provide a stairway, ladder, ramp or other safe means of egress from the trench, which was also a violation of safety standards.  Likely, as a result of Freeland's safety violations, the trench in which Valencia was working collapsed, causing his death.

Valencia's next of kin ("Plaintiff") filed suit.  Plaintiff sought workers' compensation benefits and alleged the following tort claims:  intentional misrepresentation, negligence, strict liability, wrongful death and assault.  Freeland moved to sever the workers' compensation claim from the tort law claims, and the trial court granted the motion.  Plaintiff amended the complaint to allege that Freeland acted with the "actual intent" to injure Valencia.  Thereafter, Freeland filed a motion to dismiss Plaintiff's tort law claims, which the trial court granted, stating that Plaintiff's amended complaint indicated that the employer's conduct was "substantially certain" to cause death,

_____

[2]Trench boxes were not used even though they were on site at the time of the accident.

[3]Specifically, Freeland was cited for violations of Tennessee's Occupational Safety and Health Act of 1972, Tennessee Code Annotated section 50-3-101 (1999).

but that the employer's conduct was not indicative of an "actual intent" to injure Valencia. On appeal, the Court of Appeals affirmed, finding that workers' compensation law was Plaintiff's exclusive remedy.

We granted this appeal to determine whether the judicially-created exception to the exclusive remedy requirement of workers' compensation law, which requires "actual intent," should be broadly interpreted to include an employer's conduct that is "substantially certain" to cause injury or death.

## II. Standard of Review

This case calls into question the scope of the exclusivity provision of Tennessee Code Annotated section 50-6-108 (1999). In workers' compensation cases, questions of statutory construction are reviewed de novo without a presumption of correctness. Perry v. Sentry Ins. Co., 938 S.W.2d 404, 406 (Tenn. 1996); see Peace v. Easy Trucking Co., 38 S.W.3d 526, 528 (Tenn. 2001). When construing a statute, our goal is "to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995). Our interpretation of the Workers' Compensation Act is guided by "a consideration which is always before us in workers' compensation cases–that these laws should be rationally but liberally construed to promote and adhere to the Act's purposes of securing benefits to those workers who fall within its coverage." Lindsey v. Smith & Johnson, Inc., 601 S.W.2d 923, 925 (Tenn. 1980).

## III. Analysis

We granted review in this case to determine whether the judicially-created exception to the exclusive remedy requirement, "actual intent," should be broadly interpreted to include an employer's conduct that is "substantially certain" to cause injury or death. This case calls upon us to interpret Tennessee Code Annotated section 50-6-108(a) (1999), which contains the workers' compensation exclusivity provision. That section reads:

> Right to compensation exclusive. – (a) The rights and remedies herein granted to an employee subject to the Workers' Compensation Law on account of personal injury or death by accident, including a minor whether lawfully or unlawfully employed, shall exclude all other rights and remedies of such employee, such employee's personal representative, dependents or next of kin, at common law or otherwise, on account of such injury or death.

Tenn. Code Ann. § 50-6-108(a). Pursuant to this section, workers' compensation law provides the exclusive remedy for an employee who is injured during the course and scope of his employment, meaning the employee is precluded from seeking tort damages for the injury. Liberty Mut. Ins. Co. v. Stevenson, 212 Tenn. 178, 368 S.W.2d 760 (1963).

As have other jurisdictions, Tennessee courts have created an exception to the exclusivity

provision for intentional torts committed by an employer against an employee; these torts give rise to a common-law tort action for damages. Mize v. Conagra, Inc., 734 S.W.2d 334, 336 (Tenn. Ct. App. 1987) (Rule 11 permission to appeal denied); King v. Ross Coal Co., 684 S.W.2d 617, 620-21 (Tenn. Ct. App. 1984) (Rule 11 permission to appeal denied); Estate of Schultz v. Munford, Inc., 650 S.W.2d 37, 40 (Tenn. Ct. App. 1982) (Rule 11 permission to appeal denied); Cooper v. Queen, 586 S.W.2d 830, 833 (Tenn. Ct. App. 1979) (Rule 11 permission to appeal denied). The court in Mize explained the reason for this exception as:

> Since the legal justification for the common-law action is the nonaccidental character of the injury from the defendant employer's standpoint, the common law liability of the employer cannot be stretched to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of *general intentional injury* . . . . Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, wilfully and unlawfully violating a safety statute, this still falls short of the kind of *actual intention* to injure that robs the injury of accidental character. [King,] 684 S.W.2d at 619.

Mize, 734 S.W.2d at 336 (alteration in original). Further, proof of actual intent goes beyond that sufficient to prove gross negligence or even criminal negligence. Gonzales v. Alman Constr. Co., 857 S.W.2d 42, 45 (Tenn. Ct. App. 1993) (Rule 11 permission to appeal denied).

Plaintiff contends that public policy requires us to hold that when an employer acts in a manner substantially certain to cause death or injury it acts intentionally and such action falls within the intentional tort exception. While the traditional definition of intent used in tort law denotes the tortfeasor's desire to cause the consequences of his or her actions or the belief that the consequences are substantially certain to result from those actions, Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 (Tenn. 1992), that definition is not applicable in workers' compensation cases. Gonzales, 857 S.W.2d at 45. Rather, the definition of actual intent is the actual intent to injure the employee. King, 684 S.W.2d at 619.

The reasoning relied upon for this seemingly strict rule was articulated in King. There, the court stated:

> The Workers' Compensation Law takes away from the employee his common law rights and gives him others, on the guarantee that these substituted rights shall be generously awarded, both for foregoing his common law rights and in consideration of the obligations of his employer to keep his employee from becoming a public charge. McKamey v. Pee Wee Mining Co., Inc., 498 S.W.2d 94 (Tenn. 1973). The legislature has made the rights of the employee and the employer the exclusive remedy. Those who accept benefits under an act of this kind must likewise take the

burdens. <u>Liberty Mutual Ins. Co. v. Stevenson</u>, 212 Tenn. 178, 368 S.W.2d 760 (Tenn. 1963).

<u>King</u>, 684 S.W.2d at 619. Workers' compensation laws provide employees with a more efficient means of recovery when the employees are injured during the course and scope of employment. Such laws also encourage employers to provide safe environments and safe working conditions, since the employer is responsible for workers' compensation benefits regardless of fault.

We would radically depart from precedent were we to hold that an employer is exposed to tort liability if its conduct made injury substantially certain. This we cannot do. The statute at issue here, as judicially interpreted, mandates that the Workers' Compensation Law provides the exclusive remedies for all injuries occurring to an employee by way of accident during the course of and in the scope of employment, unless "actual intent" is alleged. This is the majority rule. <u>See</u> 6 Larson's Workers' Compensation Law § 103.03 (2001).

## IV. Conclusion

In accordance with the foregoing, we hold that workers' compensation is an employee's exclusive remedy unless the employee can show that the employer actually intended to injure the employee. Proof of gross or criminal negligence is insufficient in this regard. Because the amended complaint does not allege facts showing that the employer actually intended to injure the employee, the trial court properly granted the employer's motion to dismiss. Accordingly, the judgment of the Court of Appeals is affirmed, and all costs are taxed evenly between the parties, for which execution may issue if necessary.

 

 

_____
ADOLPHO A. BIRCH, JR., JUSTICE