# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
November 7, 2019 Session

## MARC DOUGLAS SWINDLE ET AL. V. KAREN GOODLOW ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 16C2918      Thomas W. Brothers, Judge**

_____

### No. M2019-00529-COA-R3-CV

_____

This appeal stems from a workplace injury on a construction site. On his first day on the job, Marc Douglas Swindle ("Plaintiff") fell from the roof of a building that was under construction. It is undisputed that Plaintiff was authorized to work on the job site and that he was working in the course and scope of his employment when injured. What is disputed is the identity of his employer: whether he was in the employ of the general contractor or one of the subcontractors. Plaintiff initially filed a claim with the Tennessee Bureau of Workers' Compensation, Court of Workers' Compensation Claims, naming the general contractor as his employer; however, Plaintiff voluntarily dismissed his workers' compensation claim when the general contractor filed a response stating that Plaintiff was not its employee. Thereafter, Plaintiff and his wife filed this tort action in circuit court to recover damages from the general contractor, two of its subcontractors, and the owner of the property for the injuries he sustained at the construction site. Finding it undisputed that Plaintiff's injuries were sustained in the course and scope of his employment, the circuit court held that it was without jurisdiction to consider the tort claims because the workers' compensation exclusive remedy doctrine applied. For these reasons, the court dismissed the complaint. Plaintiffs appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which RICHARD R. DINKINS and W. NEAL MCBRAYER, JJ., joined.

W. H. Stephenson, II, Nashville, Tennessee, for the appellants, Marc Douglas Swindle and Joetta Swindle.

Joseph Christian Johnsen and Warren Maxey Smith, Nashville, Tennessee, for appellee, A&M Builders, Inc.

Charles Joseph Hubbard, Michael Anthony Johnson, and William Walter Franklin Wilbert, for appellee, Jeffery A. Hudson.[1]

## OPINION

On his first day on the job at a project identified as The Station, Marc Douglas Swindle fell from the roof of a building that was under construction. Karen Goodlow was the owner of the property, and A&M Builders, Inc. ("A&M") was the general contractor. A&M's subcontractors were Central Construction, LLC, ("Central Construction") and Jeffrey Hudson, individually and d/b/a J&L Remodeling ("J&L").

A couple of days before Plaintiff's accident, Raymond Legassie, the foreman for A&M, informed Reid McDougald of Central Construction that Central Construction and/or J&L, which was the prime subcontractor, needed additional workers to complete their work in a timely fashion. Legassie conveyed the message to Jeffrey Hudson, who was the primary contact for J&L. After Hudson told Legassie that J&L could not send extra workers, McDougald informed Legassie that he knew someone who was available to work, meaning Plaintiff. What was not discussed was which contractor would be Plaintiff's employer.

The morning after McDougald informed Plaintiff of the opportunity, Plaintiff reported to the construction site. Upon his arrival, McDougald introduced Plaintiff to Legassie, and Legassie informed Plaintiff about the work and told Plaintiff he would be paid at the end of the work week. Legassie then directed Plaintiff to begin working on top of the roof. While it was clear that Plaintiff would be paid for his work, the identity of his employer was not discussed, and no employment papers were signed.

When he arrived on the roof, Plaintiff immediately went to work although no one furnished Plaintiff with any precautionary ropes, harnesses, or other safety equipment. Approximately two hours later, Plaintiff's work glove became entangled on a nail in a large plank as it was sliding off the building, causing him to fall to the concrete floor. It was readily apparent that Plaintiff had sustained serious injuries for which he was promptly taken to Skyline Medical Center for emergency medical treatment. Plaintiff

---

[1] An appellee's brief was filed on behalf of Jeffrey A. Hudson d/b/a J & L Remodeling. Plaintiffs do not seek appellate relief from the trial court's order summarily dismissing all claims against Mr. Hudson. Moreover, Mr. Hudson does not seek affirmative relief in this appeal. Accordingly, the trial court's grant of summary judgment as to Jeffrey A. Hudson d/b/a J & L Remodeling is unaffected by this appeal.

never returned to work on the jobsite and was not compensated for the two hours he worked.

Believing A&M was his employer, Plaintiff filed a claim with the Tennessee Bureau of Workers' Compensation, Court of Workers' Compensation Claims. A&M filed a response stating that Plaintiff was not its employee. Unable to establish the identity of the employer, Plaintiff voluntarily dismissed his workers' compensation claim. Thereafter, Plaintiff and his wife, Joetta Swindle, (collectively "Plaintiffs") filed this tort action in circuit court against A&M and the property owner of The Station, Karen Goodlow, asserting claims based on negligence, fraud, and intentional misrepresentation.

In its Answer to the Complaint, A&M denied being at fault or liable for any of the claims. Further, because it was undisputed that Plaintiff's injuries arose in the scope and course of his employment with someone, the exclusive remedy doctrine applied whether Plaintiff was or was not its employee. A&M also asserted comparative fault against the two subcontractors, J&L Remodeling and Central Construction, on the basis that Plaintiff was an employee of one or the other at the time of the injury.

Plaintiffs then filed an Amended Complaint adding Hudson and Central Construction as defendants and asserting that either A&M, J&L, and/or Central Construction, was his employer. Plaintiffs later voluntarily dismissed Central Construction.

In his deposition, Plaintiff stated that he only spoke with Legassie at the jobsite. Although Plaintiff did not know the name of the company Legassie worked for, he assumed it was his employer. In contrast, Legassie testified in his deposition that Plaintiff was not an employee of A&M. Legassie also testified that he did not have the authority to hire employees for A&M and that any employees hired by A&M were not allowed on the jobsite without the proper documentation. Legassie stated that he believed Plaintiff had been employed by J&L or Central Construction but admitted that he believed Hudson had never talked to Plaintiff.

In his deposition, Hudson testified that he was the sole owner of J&L, which was the prime framing subcontractor on The Station project, and that J&L had subcontracted its work out to Central Construction. He also stated that he never spoke to Plaintiff and that Plaintiff was never his employee.

Based on these and other facts, all three defendants moved for summary judgment. As for the owner of the property, Karen Goodlow, the trial court summarily dismissed all claims against her and Plaintiffs do not challenge that ruling in this appeal.

As for Jeffrey Hudson, individually and doing business as J&L Remodeling, the court found that Hudson was not on the job site on the day at issue and had no conversations with Plaintiff. Further, the court found that none of J&L's employees were on the roof on the day of the accident, and the three workers on the roof with Plaintiff were employees of Central Construction. Thus, as for the claim of negligence, the trial court found Hudson and J&L owed no duty to Plaintiff. Further, because Plaintiff never spoke to nor overheard any statements made by Hudson, the trial court found Plaintiff could not sustain a claim against Hudson for intentional misrepresentation. Finally, because Plaintiff was working as an employee in the scope and course of his employment at the time of his injury, the exclusive remedy doctrine under the Workers' Compensation Act applied.

As for A&M Builders, the trial court's order reads in pertinent part:

> After reviewing the party's briefs and hearing oral arguments, the Court held: (1) there were no genuine issues of material fact; (2) the Court was without jurisdiction over Plaintiffs' claims for personal injuries, as the Court of Worker's Compensation Claims is Plaintiffs' exclusive remedy; and (3) Plaintiffs' claims of fraud and misrepresentation were solely related to Defendant's maintenance of a legal defense, which did not constitute fraud or misrepresentation.

> Tennessee's workers' compensation law provides the exclusive remedy for an employee who is injured during the course and scope of his employment, meaning the employee is precluded from seeking tort damages for the injury. Tenn. Code Ann. § 50-6-108.

> The only exception to the exclusivity provision is for intentional torts committed by an employer against an employee. *Valencia v. Freeland & Lemm Constr. Co.*, 108 S.W.3d 239, 242 (Tenn. 2003). This exception requires a showing of "actual intent" to injure. *Id.* at 240. Claims of intentional or fraudulent misrepresentation are insufficient to establish the intentional tort exception. *Coltraine v. Fluor Daniel Facility Servs. Co.,* [No. 01A01-9309-CV-00419,] 1994 WL 279964, at *3 (Tenn. Ct. App. June 22, 1994)

> .   .   .

> Plaintiffs have failed to demonstrate how their claims for the workplace injuries suffered by Plaintiff meet the intentional tort exception to the exclusive, remedy provision of the workers' compensation statute. Whether Plaintiff is considered an "employee" under the Workers'

- 4 -

compensation statutes is a question for the Court of Workers' Compensation Claims. This Court makes no determination as to Plaintiff's employment status with Defendant.

Further, Plaintiffs' claims suggest that Defendant's denial of being Plaintiff's employer constitutes fraud and misrepresentation. Plaintiffs have offered no legal basis for this claim, and the Court cannot hold that maintaining a legal defense pursuant to the Rules of Civil Procedure can be the basis for a future fraud or misrepresentation claim.

This appeal followed.

## ISSUE

The dispositive issue is whether the trial court erred by summarily dismissing the Plaintiffs' claims against A&M. To address this issue we must determine whether the trial court erred in: (1) finding it was without jurisdiction over Plaintiffs' claims for personal injuries against A&M based on the exclusive remedies doctrine under the workers' compensation law, and (2) in dismissing Plaintiffs' claims of fraud and misrepresentation, which are based on A&M's allegedly false assertion that Plaintiff was not its employee.

## STANDARD OF REVIEW

This court reviews a trial court's decision on a motion for summary judgment de novo without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Accordingly, this court must make a fresh determination of whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Id.* In so doing, we consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. When the party moving for summary judgment does not bear the burden of proof at trial, it may satisfy its burden of production "either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264 (emphasis in original).

When a motion for summary judgment is made and supported as provided in Tenn. R. Civ. P. 56, the nonmoving party may not rest on the allegations or denials in its pleadings. *Id*. at 265. Instead, the nonmoving party must respond with specific facts showing there is a genuine issue for trial. *Id*. A fact is material "if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id*.

## ANALYSIS

### I.     EXCLUSIVE REMEDY DOCTRINE

Plaintiffs contend the exclusive remedy doctrine under the workers' compensation law is not applicable because neither A&M nor the subcontractors claimed or presented facts to establish that Plaintiff was their employee. Therefore, Plaintiffs insist the proof demonstrates that there was no employer-employee relationship. Alternatively, Plaintiffs submit there was no employment relationship because Plaintiff never received payment for his services, a pay stub, a timesheet, a W-2, or any other documentation typically generated by an employee-employer relationship.

Conversely, A&M insists the trial court lacked subject matter jurisdiction over the claims because the Amended Complaint alleged and Plaintiff's deposition testimony established that the injuries were sustained "within the course and scope of his employment." Moreover, A&M contends this material fact is not disputed. Claiming it is undisputed that Plaintiff's injuries were sustained within the course and scope of his employment, A&M insists that Plaintiffs' exclusive remedies are pursuant to the workers' compensation law.

Tennessee's workers' compensation law is the controlling law that applies when there is a work place injury that arises out of an employment relationship.[2] *See* Tenn.

---

[2] The definition for an employee is as follows:

"Employee" includes every person, including a minor, whether lawfully or unlawfully employed. . . in the service of an employer, as an employer is defined in subdivision (13), **under any contract of hire or apprenticeship, written or implied**. . . .

Tenn. Code Ann. § 50-6-102(12)(A) (emphasis added).

The definition for an employer is as follows:

(continued…)

- 6 -

Code Ann. §§ 50-6-101 to 50-6-108. Employers and employees in Tennessee subject to the Workers' Compensation Law "shall, respectively, pay and accept compensation for personal injury or death by accident arising out of and in the course of employment without regard to fault as a cause of the injury or death[.]" *Id.* § 103(a). The remedies provided by the workers' compensation law are exclusive if the injury arose out of and in the course of employment. Tenn. Code Ann. § 50-6-108(a). Accordingly, when a work-related injury arises out of and in the course of employment, an employee's only option is to proceed under the provisions of this chapter. *Frayser v. Dentsply Int'l, Inc.*, 78 S.W.3d 242, 249 (Tenn. Workers Comp. Panel 2002).

The Amended Complaint alleged that Plaintiff was hired when he appeared for work at The Station job site. Thus, Plaintiff contends the employer-employee arrangement commenced at that time, and he was injured shortly thereafter while working within the scope and course of his employment. On appeal, however, Plaintiffs contend the general contractor led him to believe he had been employed, but that no employment relationship ever existed. This contention is in direct conflict with Plaintiff's deposition testimony. When asked whether his injury happened on the job, he answered affirmatively. Moreover, when asked whether "this is simply a case of figuring out who your employer was and getting them to pay for your injuries?" Plaintiff responded affirmatively.

An injury arises out of employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. *Fritts v. Safety Nat'l Cas. Corp.,* 163 S.W.3d 673, 678 (Tenn. 2005); *Harman v. Moore's Quality Snack Foods*, 815 S.W.2d 519, 524 (Tenn. Ct. App. 1991) ("Our Workers' Compensation Law generally is the sole tort remedy available to a worker who is injured in a fashion that falls within the broad scope of the Workers' Compensation statute."). Although the identity of Plaintiff's employer remains unknown, it is apparent that all of Plaintiffs' claims in this tort action are based on the existence of an employee-employer relationship and that Plaintiff's injuries arose within the course and scope of his employment. Moreover, Plaintiffs have presented no evidence for their claims to come within an exception to the exclusivity provision. *See, e.g., Valencia*, 108 S.W.3d at 242.

---

"Employer" includes any individual, firm, association or corporation, the receiver or trustee of the individual, firm, association or corporation, or the legal representative of a deceased employer, using the services of not less than five (5) persons for pay, except as provided in § 50-6-902 . . .

Tenn. Code Ann. § 50-6-102(13).

Accordingly, all of Plaintiffs' rights and remedies are subject to the exclusive remedies provided by the workers' compensation law. *See* Tenn. Code Ann. § 50-6-108(a).

## II. CLAIMS OF FRAUD AND MISREPRESENTATION

Although Plaintiffs state in their brief that the trial court erred by dismissing their claims of fraud and misrepresentation, they identify no facts to support this contention. Moreover, they cite no authority to support the contention. The Tennessee Rules of Appellate Procedure Rule 27(a)(7) clearly state that an issue is waived by "the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). Accordingly, this issue is waived.

## IN CONCLUSION

For the foregoing reasons, we affirm the trial court's decision to summarily dismiss the complaint. The judgment of the trial court is affirmed, and this matter is remanded for further proceedings consistent with this opinion. Costs of appeal are assessed against the appellants, Marc Douglas Swindle and Joetta Swindle.

_____
FRANK G. CLEMENT JR., P.J., M.S.